**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-5277 |
| Plaintiff, | |
| v. | **ANSWER WITH AFFIRMATIVE DEFENSES** |
| ALLIED FIRST BANK, SB | |
| Defendant. | |

Defendant Allied First Bank, SB ("Defendant" or "Allied"), by and through its counsel, Nelson Mullins Riley & Scarborough LLP, hereby answers the Complaint dated September 27, 2022 ("Complaint") filed by Plaintiff Samuel Katz, individually and on behalf of all others similarly situated ("Plaintiff") as follows, and denies each and every allegation not expressly admitted herein:

**RESPONSE TO PRELIMINARY STATEMENT**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).

**ANSWER**: Paragraph 1 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. See 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. See id.; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER**: Paragraph 2 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. The Plaintiff Samuel Katz alleges that Allied First Bank, SB ("Allied First") made unsolicited telemarketing calls to his residential telephone number that is listed on the National Do Not Call Registry.

**ANSWER**: Paragraph 3 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

**ANSWER**: Paragraph 4 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER**: Paragraph 5 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 5 of the Complaint.

**RESPONSE TO PARTIES**

6. Plaintiff Samuel Katz is an individual.

**ANSWER**: Defendant denies knowledge or information with respect to the allegations contained in paragraph 6 of the Complaint.

7. Defendant Allied First Bank, SB is a company that is headquartered in this District.

**ANSWER:** Paragraph 7 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations

contained in paragraph 7 of the Complaint except states that it maintains an office at 3201 Orchard Road, Oswego, IL 60543.

## RESPONSE TO JURISDICTION AND VENUE

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

**ANSWER**: Paragraph 8 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. The Court has personal jurisdiction over Defendant because it is a resident of this District.

**ANSWER**: Paragraph 9 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Venue is proper under 28 U.S.C. § 1391(b) because the calls at issue were made into this District.

**ANSWER**: Paragraph 10 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 10 of the Complaint.

## RESPONSE TO TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER**: Paragraph 11 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 11 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

12. The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER**: Paragraph 12 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 12 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**ANSWER**: Paragraph 13 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 13 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER**: Paragraph 14 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations

contained in paragraph 14 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

## RESPONSE TO FACTUAL ALLEGATIONS

15. Allied First offers mortgage services.

**ANSWER**: Defendant denies the allegations contained in paragraph 15 of the Complaint due to vagueness, but states that, among other things, Defendant offers mortgage lending services.

16. To generate leads, Allied First makes and/or contracts with a telemarketing firm, to make telemarketing calls to consumers who have never had a relationship and who have never consented to receive their calls.

**ANSWER**: Paragraph 16 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 16 of the Complaint and refers to the referenced documents for the true and correct terms thereof.

17. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**: Paragraph 17 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 17 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

18. Plaintiff's telephone number (the "Number"), (207)-802-XXXX, is on the National Do Not Call Registry for more than a year prior to the calls at issue.

**ANSWER**: Defendant denies knowledge or information with respect to the allegations contained in paragraph 18 of the Complaint and refers to the referenced documents for the true and complete terms thereof.

19. Despite this, the Defendant placed telemarketing calls to Mr. Katz on January 8, 14, 22, 28, February 9, 16, 23 and March 4, and 7, 2022.

**ANSWER**: Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. All of the calls came from same Caller ID, 207-203-6083.

**ANSWER**: Defendant denies the allegations contained in paragraph 20 of the Complaint and refers to the referenced documents for the true and complete terms thereof.

21. The calls were unwanted, so the Plaintiff did not answer the first 8 calls.

**ANSWER**: Defendant denies knowledge or information with respect to the allegations contained in paragraph 21 of the Complaint.

22. However, the Plaintiff answered the ninth call.

**ANSWER**: Defendant denies the allegations contained in paragraph 22 of the Complaint, except states that there was a telephone call with an individual identifying himself as "James Weim," which may be a pseudonym for Plaintiff.

23. On that call, Allied First's refinance services were offered.

**ANSWER**: Defendant denies the allegations contained in paragraph 23 of the Complaint and refers to the referenced documents for the true and complete terms thereof.

24. The call offered a VA, conventional or FHA loan.

**ANSWER**: Defendant denies the allegations contained in paragraph 24 of the Complaint and refers to the referenced documents for the true and complete terms thereof.

25. The caller asked the Plaintiff to ensure he hadn't had a recent bankruptcy.

**ANSWER**: Defendant denies the allegations contained in paragraph 25 of the Complaint and refers to the referenced documents for the true and complete terms thereof.

26. The caller also asked about the Plaintiff's credit score and ensure that he did not have more than $10,000 in credit card debt.

**ANSWER**: Defendant denies the allegations contained in paragraph 26 of the Complaint and refers to the referenced documents for the true and complete terms thereof.

27. The call offered the Defendant's Conventional Cash Out Program.

**ANSWER**: Defendant denies the allegations contained in paragraph 27 of the Complaint and refers to the referenced documents for the true and complete terms thereof.

28. The caller from the Defendant was named Jason Aldridge.

**ANSWER**: Defendant denies the allegations contained in paragraph 28 of the Complaint, except states that Mr. Aldridge had communicated with an individual identifying himself as "James Weim."

29. Confirming the conversation, Mr. Aldridge sent him a text message that confirmed he was calling from "Allied First Bank".

**ANSWER**: Defendant denies the allegations contained in paragraph 29 of the Complaint, except states that Mr. Aldridge had communicated with an individual identifying himself as "James Weim."

30. Plaintiff's privacy has been violated by the above-described telemarketing calls.

**ANSWER**: Paragraph 30 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. The Plaintiff never provided his consent or requested these calls.

**ANSWER**: Paragraph 31 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

**ANSWER**: Paragraph 32 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 32 of the Complaint.

## RESPONSE TO CLASS ACTION ALLEGATIONS

33. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

**ANSWER**: Paragraph 33 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 33 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

34. The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

**ANSWER**: Paragraph 34 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER**: Paragraph 35 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. The Class as defined above are identifiable through phone records and phone number databases.

**ANSWER**: Paragraph 36 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 36 of the Complaint and refers to the referenced documents for the true and complete terms thereof.

37. The potential members of the Class number at least in the thousands.

**ANSWER**: Paragraph 37 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Individual joinder of these persons is impracticable.

**ANSWER**: Paragraph 38 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. The Plaintiff is a member of the Class.

**ANSWER**: Paragraph 39 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;
>
> (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA;
>
> (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER**: Paragraph 40 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Plaintiff's claims are typical of the claims of members of the Class.

**ANSWER**: Paragraph 41 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

**ANSWER**: Paragraph 42 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

**ANSWER**: Paragraph 43 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER**: Paragraph 44 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 44 of the Complaint.

## RESPONSE TO FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

45. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

**ANSWER**: Defendant repeats and reasserts all previous responses as if fully set forth herein.

46. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

**ANSWER**: Paragraph 46 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 46 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

47. The Defendant's violations were negligent, willful, or knowing.

**ANSWER**: Paragraph 47 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

**ANSWER**: Paragraph 48 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 48 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

49. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER**: Paragraph 49 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 49 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiff's claims fail to state a claim upon which relief may be granted on behalf of himself and/or any of the alleged class members.

### *SECOND AFFIRMATIVE DEFENSE*

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because Plaintiff has not sustained any damages.

### *THIRD AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statues of repose.

### *FOURTH AFFIRMATIVE DEFENSE*

Defendant denies any allegations not specifically admitted herein, and specifically denies that it violated any applicable law.

### *FIFTH AFFIRMATIVE DEFENSE*

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands and/or laches.

#### SIXTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, by the doctrines of *res judicata*, claim and issue preclusion, judicial estoppel, estoppel, and waiver.

#### SEVENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because, to the extent he has suffered any harm or damages, such harm or damages was the result of his own conduct.

#### EIGHTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant.

#### NINTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because Plaintiff is not entitled to any actual or statutory damages under the Telephone Consumer Protection Act.

#### TENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because Defendant did not violate the Telephone Consumer Protection Act and did not commit any knowing or willful conduct.

#### ELEVENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because Plaintiff gave his had valid prior express consent, invitation or permission for Defendant to contact him.

*TWELFTH AFFIRMATIVE DEFENSE*

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because Plaintiff (through an alias or otherwise) or someone acting on his behalf provided valid prior express consent, invitation, or permission to be contacted by Defendant.

*THIRTEENTH AFFIRMATIVE DEFENSE*

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because Defendant reasonably relied on the good faith belief that Plaintiff had given valid prior express consent, invitation, or permission for Defendant to contact him.

*FOURTEENTH AFFIRMATIVE DEFENSE*

This Court lacks subject matter jurisdiction over this action because Plaintiff lacks Article III standing and prudential standing to bring his claims.

*FIFTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because each alleged class member gave their valid prior express consent, invitation or permission for Defendant to contact them.

*SIXTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations for multiple damages under the TCPA is barred because Defendant did not violate the TCPA and did not commit any knowing or willful conduct.

*SEVENTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations fail to satisfy any of the express and implicit requirements of Federal Rules of Civil Procedure 23(a) and 23(b).

*EIGHTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations fail to state sufficient class allegations under applicable law.

### *NINETEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because they constitute impermissible fail-safe allegations.

### *TWENTIETH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because they are insufficiently ascertainable.

### *TWENTY-FIRST AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because Defendant reasonably relied on the good faith belief that each alleged class member had given valid prior express consent, invitation, or permission for Defendant to contact them.

### *TWENTY-SECOND AFFIRMATIVE DEFENSE*

To the extent Plaintiff has pleaded an ATDS claim, Plaintiff's ATDS claims under the Telephone Consumer Protection Act on behalf of himself and the alleged class members must be dismissed because his cell phone number and numbers of the putative class were not randomly or sequentially generated. *See Facebook, Inc. v. Noah Duguid, et al.*, No. 19-511 (U.S. Supreme Court) ("*Duguid*").

### *TWENTY-THIRD AFFIRMATIVE DEFENSE*

Plaintiff's claims are frivolous and lack a good faith basis in fact and/or law.

### *TWENTY-FOURTH AFFIRMATIVE DEFENSE*

This Court lacks personal jurisdiction over the class allegations where none of the allegations relate to alleged conduct or harm occurring in Illinois.

### *TWENTY-FIFTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because none of the alleged class members suffered any damages caused by Defendant.

*TWENTY-SIXTH AFFIRMATIVE DEFENSE*

Plaintiff's and any alleged class member's damages, if any, are capped by what is allowable by statute under the Telephone Consumer Protection Act only.

*TWENTY-SEVENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims for injunctive relief on behalf of himself and the alleged class members is barred.

*TWENTY-EIGHTH AFFIRMATIVE DEFENSE*

Venue is not proper in this Court.

*TWENTY-NINTH AFFIRMATIVE DEFENSE*

This Court lacks subject matter jurisdiction over Plaintiff's claims and class allegations under the automated telephone equipment portion of the TCPA, 47 U.S.C. § 227(b)(1), because that portion of the statute was deemed unconstitutional at the time the allegedly illegal calls were made to Plaintiff. *See, e.g.*, *Creasy v. Charter Communications, Inc.*, 2020 WL 5761117 (E.D. La. Sep. 28, 2020).

*THIRTIETH AFFIRMATIVE DEFENSE*

Plaintiff's pre-suit conduct and his claims against Defendant are frivolous, vexatious, and brought in bad faith.

*THIRTY-FIRST AFFIRMATIVE DEFENSE*

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because Defendant did not make the alleged communications, inclusive of an alleged telephone call and e-mail, nor is Defendant vicariously liable for such communications because it was not involved in, nor did it direct, authorize, or ratify, such alleged communications and actions.

18

*THIRTY-SECOND AFFIRMATIVE DEFENSE*

To the extent Plaintiff claims his prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to Defendant.

*THIRTY-THIRD AFFIRMATIVE DEFENSE*

To the extent any alleged class member claims that their prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to Defendant.

*THIRTY-FOURTH AFFIRMATIVE DEFENSE*

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because any damage allegedly suffered is solely the proximate result of conduct, acts and/or omissions of persons or entities other than Defendant, over whom Defendant had no control.

*THIRTY-FIFTH AFFIRMATIVE DEFENSE*

Defendant reserves the right to assert additional affirmative defenses as to Plaintiff's claims and the class allegations, as discovery has not yet opened.

Dated: December 2, 2022

Respectfully submitted,
NELSON MULLINS RILEY & SCARBOROUGH, LLP

By: */s/ Nathan E. Hoffman*
     Nathan E. Hoffman

One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, Tennessee 37219
Tel: (615) 664-5300
Email: nathan.hoffman@nelsonmullins.com
*Attorneys for Defendant Allied First Bank, SB*

**Certificate of Service**

   I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on December 2, 2022. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Anthony Paronich, Esq.
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
*Attorneys for Plaintiff*

                 */s/ Nathan E. Hoffman*
                   Attorney