## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

SAMUEL KATZ, individually and on behalf of          Case No. 1:22-cv-5277
all others similarly situated,

            Plaintiff,

v.                                                  **MOTION TO JOIN ICONIC
                                                    RESULTS, LLC AS A
ALLIED FIRST BANK, SB and                           NECESSARY PARTY**
CONSUMER NSIGHT LLC
                                                    **Honorable Robert W. Gettleman**
            Defendants.

_____/

Defendant Allied First Bank, SB ("Allied First"), now known as Servbank, S.B., by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 19(a), hereby submits this Motion to Join Iconic Results, LLC as a Necessary Party, and states as follows:

### INTRODUCTION

Plaintiff initiated this action against Allied First on September 27, 2022, alleging violations of the Telephone Consumer Protection Act ("TCPA"). (ECF No. 1). Plaintiff filed a First Amended Complaint ("FAC") on July 1, 2023, adding Consumer Nsight LLC ("Consumer Nsight") as a defendant. (ECF No. 26). Plaintiff alleges that Allied First and Consumer Nsight made telemarketing calls to Plaintiff's residential telephone number in violation of the TCPA. *See* FAC at ¶¶ 3, 11, 32.

Allied First engaged Consumer Nsight to provide live phone call transfers to Allied First for leads of potential customers who had expressed interest in refinancing their mortgage loans and who had consented to be called about the refinance opportunities. Upon information and belief, Consumer Nsight obtained leads for individuals who were interested in potential mortgage options. Allied First did not control how the calls were made and, instead, relied on Consumer Nsight to conduct the calls in compliance with all applicable laws, as had been agreed. Upon information

and belief, Consumer Nsight engaged a third-party call center, Iconic Results LLC ("Iconic Results") to conduct the calls to effectuate the agreement between Allied First and Consumer Nsight. Upon information and belief, at the direction and instruction of Consumer Nsight, and based on potential customer information provided by Consumer Nsight, Iconic Results contacted Plaintiff as part of its scope of work with Consumer Nsight. To the extent Plaintiff may have valid claims, liability would lie against Iconic Results and Consumer Nsight.

Based on Rule 19, FRCP, Iconic Results is a necessary party in this case because it placed the calls to Plaintiff which form the basis of Plaintiff's claims against Allied First and Consumer Nsight, and Iconic Results is the only party against which Plaintiff's request for injunctive relief can be enforced. Thus, complete relief cannot be accorded among the parties without the joinder of Iconic Results. Further, Plaintiff seeks to assert liability against Allied First based on the actions of Consumer Nsight, and Consumer Nsight retained Iconic Results to make the calls that ultimately were transferred to Allied First. Plaintiff thus attempts to hold Allied First vicariously liable for the actions of Consumer Nsight and Iconic Results. Thus, Iconic Results' ability to protect its interests may be impaired if it is not joined, and Allied First, Consumer Nsight, and Iconic Results are at risk of incurring inconsistent obligations because of their interests in defending Plaintiff's claims. Accordingly, Allied First respectfully requests that this Court grants its Motion to Joint Iconic Results, LLC as a Necessary Party, and enter an Order joining Iconic Results as a party to this action. In the event Iconic Results cannot be made a party to this case, Allied First reserves the right to move to dismiss this action for failure to join an indispensable party.

## I.  **FACTUAL BACKGROUND**

Plaintiff initiated this action against Allied First Bank, SB ("Allied First") and on September 27, 2022, alleging violations of the Telephone Consumer Protection Act ("TCPA").

(ECF No. 1). Plaintiff filed a First Amended Complaint on July 1, 2023, adding Consumer Nsight LLC ("Consumer Nsight") as a defendant. (ECF No. 26). Plaintiff alleges that Allied First and Consumer Nsight made telemarketing calls to Plaintiff's residential telephone number in violation of the TCPA. *See* FAC at ¶¶ 3, 11, 32. Specifically, the FAC alleges that Consumer Nsight "placed telemarketing calls for Allied First" to Plaintiff between January and March 2022 and that Consumer Nsight "transferred" Plaintiff to Allied First's call center. *Id.* at ¶¶ 21, 38. Plaintiff further asserts that the call made by Consumer Nsight and "transferred" to Allied First violated the TCPA because his phone number was registered on the National-Do-Not-Call registry. *Id.* at ¶ 20. Plaintiff seeks damages and "injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future." *Id.* at Prayer for Relief.

In its written discovery responses, Consumer Nsight identified Iconic Results as the party responsible for the telephone calls made to Plaintiff. *See* Consumer Nsight LLC's Objections and Responses to Plaintiff's First Set of Discovery, attached hereto as **Exhibit No. 1**. Consumer Nsight stated that "Iconic [Results] is the call center that made the calls to the Plaintiff identified in the FAC…" *Id.* at Answer No. 3. Invoices submitted by Iconic Results in response to a subpoena (and designated as Confidential) corroborate that they billed Consumer Nsight for calls placed during the relevant time period. Additionally, Iconic Results also produced a spreadsheet (also designated as Confidential) evidencing that it placed the calls to Plaintiff's phone number during the relevant time period.

## II.    <u>ARGUMENT</u>

To determine if a party is necessary under Rule 19(a), courts examine whether: (1) complete relief can be accorded among the present parties to the lawsuit; (2) the absent party's ability to protect its interest will be impaired; and (3) any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent party is joined. *See Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999). Iconic Results must be joined to accord complete relief among the parties, to allow them to protect their interests, and to avoid inconsistent obligations.

### A.  Iconic Results must be joined to accord complete relief among the parties.

Pursuant to Fed. R. Civ. P. 19(a)(1), "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties…" Federal courts have observed that "under some circumstances, the equitable relief sought in an action may make an absent party required under Rule 19(a)(1)(B)(i)." *Ward v. Apple*, 791 F.3d 1041, 1049 (9th Cir. 2015). In the context of a TCPA action, courts have observed that a request for injunctive relief to stop the calls may make the party who conducted the calls a necessary one. *See Cooley v. First Data Merchant Services, LLC*, CA No. 1:19-cv-1185, 2020 WL 13526633 (N.D. Ga. Feb. 7, 2020).

There is no dispute that Iconic Results is responsible for the calls at issue. Consumer Nsight identified Iconic Results as the party who placed the calls and Iconic Results produced spreadsheets documenting that it placed the calls to Plaintiff. As such, this Court cannot accord complete relief among the parties unless and until Iconic Results is added to this action. To be sure, Plaintiff seeks "injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or

other persons or entities acting on Defendants' behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future." *Id.* at Prayer for Relief. Allied First was not responsible for the calls at issue, did not control how the calls were made, and had no relationship with Iconic Results. Thus, Allied First is unable to effectuate Plaintiff's request for injunctive relief as Allied First cannot prohibit Iconic Results from making calls to any residential number listed on the National Do Not Call Registry in the future. Iconic Results, as the only entity who made the calls at issue, is the only entity who can ensure that the calls are not made in the future. Federal Courts have observed in a TCPA action that a request for injunctive relief to stop the calls may make the party who conducted the calls a necessary one. *Cooley*, CA No. 1:19-cv-1185, 2020 WL 13526633, at *3. The same result applies to Iconic Results' role in the facts presented by Plaintiff's claims.

### B. Iconic Results must be joined to allow them to protect their interest and to avoid inconsistent obligations.

Pursuant to Fed. R. Civ. P. 19(a)(1)(B), a person must be joined if

> that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In a TCPA case, "an entity that actually placed the call [i]s a required party because proceeding without it would impede its ability to protect its interest in the case since resolution of the case in favor of the plaintiff would require finding that the non-party entity's actions were unlawful." *See Cooley*, CA No. 1:19-cv-1185, 2020 WL 13526633, at *2 (citing *Stark v. Stall*, No. 19-cv-00366, 2019 WL 3718878 (S.D. Cal. Aug, 7, 2019)). As in *Cooley*, Plaintiff seeks to hold Allied First "liable under the TCPA for calls made by a non-party that the Defendant [Allied First] allegedly

hired, impairing the non-parties' ability to protect their interest." *Id.* To resolve Plaintiff's claims, the Court will have to determine whether Consumer Nsight's and Iconic Results' actions violated the TCPA, and if Iconic Results is not joined, it is unable to defend itself from those decisions. (Likewise for Consumer Nsight, which Allied First seeks to name as a Third-Party Defendant in its contemporaneously filed motion.)

In addition, Consumer Nsight's and Iconic Results' relationship also will be subject to consideration by the Court. Plaintiff asserts throughout the First Amended Complaint that Allied First contracted with Consumer Nsight and that Consumer Nsight made the calls to Plaintiff. (*See* First. Amd. Compl. ¶¶ 18, 21, & 37.) Plaintiff also alleges Allied First instructed Consumer Nsight about how to make the calls. (*Id.* ¶ 40.) As stated above, in Iconic Results' subpoena response, Iconic Results clarified its role in making the calls, which were at the direction of Consumer Nsight. As in *Cooley*, these circumstances support finding that Iconic Results is a necessary party and must be joined in this action. *See Cooley*, CA No. 1:19-cv-1185, 2020 WL 13526633, at *2.

## CONCLUSION

WHEREFORE, Allied First Bank, SB, respectfully requests that this Court grants its Motion to Joint Iconic Results, LLC as a Necessary Party and enter an Order directing Iconic Results, LLC be added as a Defendant on the grounds that Iconic Results is a necessary party for the just adjudication in this matter. Plaintiff takes no position on this motion.

[*signature page attached*]

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *s/Carmen H. Thomas*
Carmen Harper Thomas
*Pro Hac Vice Admitted*
Email: carmen.thomas@nelsonmullins.com
1320 Main Street, 17th Floor
Columbia, SC 29201
Tel: (803) 799-2000

Nathan E. Hoffman
Email: nathan.hoffman@nelsonmullins.com
One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, Tennessee 37219
Tel: (615) 664-5300

P.O. Box 641040
Chicago, IL 60664
Tel: (312) 205-7950

Alan Kaufman
*Pro Hac Vice to be Submitted*
Email: alan.kaufman@nelsonmullins.com
330 Madison Avenue, 27th Floor
New York, NY 10017
Tel: (212) 413-9000

*Attorneys for Defendant Allied First Bank, SB*

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on May 23, 2024. I also certify that the foregoing document is being served this day on the following via the method(s) indicated:

**Electronic Filing generated by CM/ECF**
Anthony Paronich, Esq.
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
*Attorneys for Plaintiff*

Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
a@perronglaw.com
*Attorneys for Plaintiff*

**Electronic Filing generated by CM/ECF, Email**
Andrew D. LeMar, Esq.
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, Illinois 60611-3607
alemar@burkelaw.com
*Attorney for Consumer Nsight LLC*

**Certified Mail – Return Receipt Requested –**
**Delivery Restricted to Addressee**
Iconic Results LLC
c/o Capitol Corporate Services, Inc, Registered Agent
8825 N. 23rd Avenue, Ste. 100
Pheonix, AZ 85021
*Registered Agent for Iconic Results LLC*

**Regular U.S. Mail and Email**
Becca Wahlquist
Kelley Drye & Warren LLP
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
bwahlquist@kelleydrye.com
*Attorneys for Iconic Results LLC*

*/s/ Carmen H. Thomas*
Carmen H. Thomas