**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>v.<br><br>ALLIED FIRST BANK, SB and CONSUMER NSIGHT LLC<br><br>                Defendants.<br>_____/ | Case No. 1:22-cv-5277<br><br>**MOTION TO FILE AMENDED ANSWER TO FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND THIRD PARTY CLAIMS**<br><br>**Honorable Robert W. Gettleman** |

Defendant Allied First Bank, SB ("Allied First"), now known as Servbank, S.B., hereby moves for permission to file an amended answer to the First Amended Complaint dated July 1, 2023 ("First Amended Complaint") filed by Plaintiff Samuel Katz, individually and on behalf of all others similarly situated ("Plaintiff"), to assert third party claims against Consumer Nsight LLC, and states as follows:

**INTRODUCTION**

Plaintiff initiated this action against Allied First on September 27, 2022, alleging violations of the Telephone Consumer Protection Act ("TCPA"). (ECF No. 1). Plaintiff filed a First Amended Complaint on July 1, 2023, adding Consumer Nsight LLC ("Consumer Nsight") as a defendant. (ECF No. 26). Allied First filed its Answer to First Amended Complaint with Affirmative Defenses on August 14, 2023. (ECF No. 33). Allied First now seeks to amend its Answer to Plaintiff's First Amended Complaint to assert third party claims against Consumer Nsight.

As background, Allied First engaged Consumer Nsight to provide live phone call transfers to Allied First for leads of potential customers who had expressed interest in refinancing their mortgage loans and who had consented to be called about the refinance opportunities. Upon information and belief, Consumer Nsight obtained leads for individuals who were interested in

potential mortgage options. Allied First did not control how the calls were made and, instead, relied on Consumer Nsight to conduct the calls in compliance with all applicable laws, as had been agreed. Upon information and belief, Consumer Nsight engaged a third-party call center, Iconic Results LLC ("Iconic Results") to conduct the calls to effectuate the agreement between Allied First and Consumer Nsight. Upon information and belief, at the direction and instruction of Consumer Nsight, and based on potential customer information provided by Consumer Nsight, Iconic Results contacted Plaintiff as part of its scope of work with Consumer Nsight. To the extent Plaintiff may have valid claims, liability would lie against Iconic Results and Consumer Nsight. Allied First seeks to assert third party claims against Consumer Nsight for breach of contract or, in the alternative, breach of implied contract, and indemnification.

I.      **FACTUAL BACKGROUND**

Plaintiff initiated this action against Allied First on September 27, 2022, alleging violations of the TCPA. (ECF No. 1). Both Plaintiff and Allied First served subpoenas on Consumer Nsight on March 8, 2023 and April 5, 2023, respectively, and received objections and no documents in response to those subpoenas. Consumer Nsight's April 27, 2023 response to Allied First's subpoena stated that "Consumer Nsight LLC has no records in its possession, custody or control that are responsive to the subpoena in this matter." Plaintiff filed a First Amended Complaint on July 1, 2023, adding Consumer Nsight LLC ("Consumer Nsight") as a defendant. (ECF No. 26).

Allied First filed its Answer to First Amended Complaint with Affirmative Defenses on August 14, 2023. (ECF No. 33). Allied First investigated Plaintiff's claim against Consumer Nsight to determine Consumer Nsight's potential liability as it relates to Allied First. Consumer Nsight responded to the First Amended Complaint by filing a Motion to Dismiss for Lack of

Jurisdiction on August 16, 2023. (ECF No. 34). In or around the same time, the Parties' Counsel discussed potential mediation of this case.

On September 9, 2023, this Court stayed oral discovery as to Allied First and completely stayed all discovery as to Consumer Nsight. (ECF No. 43). At the same time, the parties continued to work toward potential mediation of this case. Thereafter, on October 6, 2023, this Court stayed ruling on Consumer Nsight's Motion to Dismiss and granted Plaintiff leave to take discovery limited to the issue of personal jurisdiction over Consumer Nsight. (ECF No. 46). At the same time, the parties continued to work toward potential mediation of this case. On November 6, 2023, this Court stayed discovery pending mediation between the parties. (ECF No. 47). On January 8, 2024, the parties participated in mediation. Mediation efforts were unsuccessful. Accordingly, on January 9, 2024, this Court resumed discovery. (ECF No. 52). On April 26, 2024, Plaintiff dismissed Consumer Nsight without prejudice. (ECF No. 63).

## II. LEGAL STANDARD

### A. Amendment of Pleadings

If an amendment to a pleading is sought more than 21 days after serving the initial pleading, the court's leave is required for the amendment. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave is inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by [previous] amendments . . . undue prejudice to the opposing party . . . or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991).

### B. Impleader of Third Party

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).

3

If the defendant has already answered, it "must, by motion, obtain the court's leave" to do so. *Id.* "Rule 14 aims to promote judicial efficiency by enabling the consolidation of related claims into a single action, and to this end it allows for the assertion of third-party claims or counterclaims that might be too contingent to stand on their own." *Broadway v. Walmart, Inc.*, 2024 WL 2113034 at *3 (N.D. Ill. May 10, 2024) (quoting *Mills v. Hausmann-McNally, S.C.*, 2014 WL 129276 at *5 (S.D. Ind. Jan. 14, 2014)).

### III.     ARGUMENT

Allowing Allied First to amend its Answer to Plaintiff's First Amended Complaint to assert third party claims against Consumer Nsight will facilitate justice by including the party ultimately responsible for directing the action that Plaintiff claims violates the law. Under the TCPA, a person may bring suit if they have received a telephone call in violation of regulations related to the Do Not Call list. *See* 47 U.S.C. § 227(c)(5). The applicable regulation prohibits a person from "initia[ing] any telephone solicitation to" a person whose number is on the Do Not Call list. 47 CFR § 64.1200(c). Liability thus depends in part on whether a person or entity initiated the call at issue. Further, liability does not exist if the person "has obtained the subscriber's prior express invitation or permission" that meets certain specified requirements. *Id.* Based on the discovery that has occurred so far, Consumer Nsight obtained the numbers of interested potential customers, including their consent, and then orchestrated the work of Iconic Results who called Plaintiff. Thus, Iconic Results was the entity who initiated the call and did so on behalf of Consumer Nsight.

Accordingly, liability lies, if at all, with Iconic Results and Consumer Nsight. Allied First expects to assert that it has no liability because it did not initiate the calls and, while Allied First procured the live transfer calls from Consumer Nsight, Iconic Results' work itself was performed at the direction of Consumer Nsight. To the extent Allied First is liable on any basis for Plaintiff's

4

claims, Allied First has grounds to seek relief against Consumer Nsight for its breach of agreement to provide legally compliant transfers to Allied First. *See, e.g.*, *Garrett v. Ragle Dental Laboratory, Inc.*, 2011 WL 2637227 at *2 (N.D. Ill. July 6, 2011) (denying motion to dismiss cross claim in a TCPA action where the party who placed the fax advertisements at issue was bound by an agreement to ensure the faxes would comply with all applicable federal and state laws such that if the faxes violated the TCPA, that party breached their agreement).

In addition, Allied First's claims for breach of contract or implied contract and for indemnification arise out of the same transaction and occurrence that would be addressed to resolve Plaintiff's claims against Allied First. *See* F. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim . . . ."); *see also Bd. of Regents of Univ. of Wisconsin Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 470 (7th Cir. 2011) (employing a "logical relationship test" to determine whether two matters arise out of the same transaction or occurrence and observing "[t]he approach is necessarily flexible…a court should consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.")

To prove liability to Allied First, Plaintiff will have to establish that the call was initiated by Allied First. As described above, however, Allied First will show that Iconic Results initiated the call on behalf of Consumer Nsight. Likewise, the consent obtained by Consumer Nsight is a defense to Plaintiff's claims. If Allied First is found to be liable for the call to Plaintiff, the liability will be due to failures by Consumer Nsight. Thus, Allied First's agreement with Consumer Nsight for Consumer Nsight to procure prescreened live transfer leads for customers interested in

5

refinance options is integral to Plaintiff's claims and Allied First's defenses and the ends of justice support allowing Allied First's amendment to assert third party claims against Consumer Nsight.

*Second*, Allied First has not engaged in undue delay, bad faith, or dilatory motive in seeking to amend its Answer to Plaintiff's First Amended Complaint. Allied First's amendment as a matter of course was due on September 5, 2023. At that time, the parties were discussing potential mediation of this case. Indeed, discovery in this matter was stayed from November 9, 2023 through January 19, 2024 while the parties engaged in mediation. Similarly, at that time, Allied First was investigating the facts as they related to Consumer Nsight and whether it had a basis to file a claim against Consumer Nsight. However, Consumer Nsight was engaged in motions practice at that time related to its Motion to Dismiss for Lack of Jurisdiction, and on September 9, 2023, this Court stayed all discovery related to Consumer Nsight. Additionally, Allied First issued a subpoena upon Iconic Results on June 28, 2023, which was not answered until September 7, 2023. After mediation efforts were unsuccessful, Allied First has moved to assert a third party claim against Consumer Nsight.

*Third*, Allied First has not previously sought to amend its Answer to Plaintiff's First Amended Complaint to assert a claim against Consumer Nsight.

*Fourth*, an amendment to Allied First's Answer to Plaintiff's First Amended Complaint will not cause undue prejudice to either Plaintiff or Consumer Nsight. Due to the previous motions and efforts to mediate, the parties are still in the relatively early stages of this litigation and merits discovery is still underway. No depositions have been taken, and document productions previously were shared with Consumer Nsight's counsel during its earlier participation in this matter. Additionally, Allied First's proposed third party claim against Consumer Nsight directly relates to Plaintiff's claims in this matter such that there will be an overlap in discovery. Further, it is

6

foreseeable to Consumer Nsight that as a result of its contractual relationship with Iconic Results—the entity who actually called Plaintiff—Allied First would seek indemnification for the breach of contract.

*Fifth, and finally*, Allied First's proposed third party claim against Consumer Nsight is not futile. Again, it was Consumer Nsight who had a contractual relationship with Iconic Results. Allied First did not retain Iconic Results and did not participate in initiating the phone calls at issue in this case. Additionally, per the agreement between Allied First and Consumer Nsight, Consumer Nsight was to procure leads for Allied First in compliance with all applicable laws. Accordingly, if the phone calls are found to have been made in violation of the TCPA, Consumer Nsight is liable to Allied First.

## **CONCLUSION**

WHEREFORE, Allied First Bank, SB, respectfully requests that this Court grants its Motion to File Amended Answer to First Amended Complaint with Affirmative Defenses and Third Party Claims Against Consumer Nsight. The proposed amended pleading is attached as Exhibit A. Plaintiff takes no position on this motion.

[*signature page attached*]

Respectfully submitted,

        NELSON MULLINS RILEY & SCARBOROUGH LLP

        By: *s/Carmen H. Thomas*
        Carmen Harper Thomas
        *Pro Hac Vice Admitted*
        Email: carmen.thomas@nelsonmullins.com
        1320 Main Street, 17th Floor
        Columbia, SC 29201
        Tel: (803) 799-2000

        Nathan E. Hoffman
        Email: nathan.hoffman@nelsonmullins.com
        One Nashville Place, Suite 1100
        150 Fourth Avenue North
        Nashville, Tennessee 37219
        Tel: (615) 664-5300

        P.O. Box 641040
        Chicago, IL 60664
        Tel: (312) 205-7950

        Alan Kaufman
        *Pro Hac Vice to be Submitted*
        Email: alan.kaufman@nelsonmullins.com
        330 Madison Avenue, 27th Floor
        New York, NY 10017
        Tel: (212) 413-9000

        *Attorneys for Defendant Allied First Bank, SB*

**Certificate of Service**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on May 23, 2024. I also certify that the foregoing document is being served this day on the following via the method(s) indicated:

**Electronic Filing generated by CM/ECF**
Anthony Paronich, Esq.
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
*Attorneys for Plaintiff*

Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
a@perronglaw.com
*Attorneys for Plaintiff*

**Certified Mail – Return Receipt Requested – Delivery Restricted to Addressee**
Consumer Nsight, LLC
c/o Richard Sabatino, Registered Agent
10055 Yamato Road, Suite 111
Boca Raton, FL 33498
*Registered Agent for Consumer Nsight LLC*

**Electronic Filing generated by CM/ECF, Regular U.S. Mail ,and Email**
Andrew D. LeMar, Esq.
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, Illinois 60611-3607
alemar@burkelaw.com
*Attorney for Consumer Nsight LLC*

**Email**
Becca Wahlquist
Kelley Drye & Warren LLP
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
bwahlquist@kelleydrye.com
*Attorneys for Iconic Results LLC*

                                                     */s/ Carmen H. Thomas*
                                                      Carmen H. Thomas