IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br>  v.<br><br>ALLIED FIRST BANK, SB<br>et al.<br><br>                      Defendants. | Case No. 1:22-cv-05277<br><br>**JURY TRIAL DEMANDED** |

## RESPONSE TO DEFENDANT'S MOTION TO JOIN ICONIC RESULTS

Comes now the Plaintiff, Samuel Katz, and files this response to Defendant Allied First Bank's Motion to Join Iconic Results as a Necessary Party (ECF No. 69). The Plaintiff wishes to point out that the motion is perplexing because the Plaintiff has settled his claims as against Iconic Results. The Motion is also vague and contradictory in what exactly it is seeking. It purportedly seeks to add in Iconic Results "as a Necessary Party" and in other places states that Allied First is seeking to add in Iconic "as a defendant." *Compare* Mot., p. 1 *with* p. 6. More importantly, the Motion is unclear as to *whom* it seeks to assert claims against Iconic. Is it Plaintiff? Allied First? The Motion does not say.

To the extent that the Motion seeks to add *Allied First's* claims against Iconic Results as a Third Party Defendant with Allied First as a Third Party Plaintiff, the Plaintiff here has no position on that relief. However, to the extent that the Motion seeks to force the *Plaintiff* to assert the *Plaintiff's already settled claims* against Iconic as a conventional Defendant, such an attempt is impermissible, does not require joinder, and in any event does not dictate dismissal for failure to join. As only the latter issue pertains to the Plaintiff, the Plaintiff will address the same.

FED. R. CIV. P. 19 addresses required joinder of parties. In relevant parts, Rule 19 requires this Court to join a party if *either* "in that person's absence, the court cannot accord complete relief among existing parties"; *or* if Iconic claims an interest relating to the subject of the action. *Id.* 19(a)(1)(A) and (a)(1)(B) *et seq*. With respect to the Plaintiff, neither of these conditions are met, and the Plaintiff is not required to join Iconic as a Defendant and assert claims against Iconic because the Plaintiff has settled his claims as against Iconic.

The first question to be addressed under Rule 19(a) is whether the court can provide the *existing parties* with "complete relief" in the absence of Iconic. FED. R. CIV. P. 19(a)(1)(A). It unquestionably can without Plaintiff being required to join Iconic. The term "complete relief" refers only "to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992) (cleaned up); *see also Varlen Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2011 WL 3664796, at *4 (N.D. Ill. Aug. 17, 2011) ("Rule 19(a)(1)(A) is designed to protect the interests of those parties [to the litigation] only.").

"The fact that requested relief would affect nonparties does not preclude complete relief between the current parties, as would be required to justify compulsory joinder." *Su v. Su*, 672 F. Supp. 3d 573, 588 (N.D. Ill. 2023) Although Allied First claims otherwise, the Plaintiff, Allied First, and Consumer Nsight will have obtained complete relief in the lawsuit, even without Iconic's joinder, because *Plaintiff has already settled his claims as against Iconic* (in addition to his claims as against Consumer Nsight). To the extent that Allied First feels it has a claim for contribution or indemnification against Iconic or related claims, such as for breach of contract, it might be permitted to and can either bring a Third-Party Complaint or separate action against Iconic for the same. The fact that relief might *affect* non-parties such as Iconic does not preclude

complete relief between the current parties. *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) (upholding the district court's denial of an absent party's motion to dismiss for failure to join pursuant to Rule 19, even where there was "no question that further litigation between [the absent party and the defendant was] ... inevitable").

The second question under Rule 19(a), is whether the person *sought to be joined* (i.e. Iconic), claims an interest relating to the subject of the action and that proceeding in this matter will endanger that interest or otherwise threaten to "whipsaw an existing party with inconsistent obligations." FED. R. CIV. P. 19(a)(1)(B); *J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646, 653 (7th Cir. 2014). Importantly, the rule speaks to *obligations*, not inconsistent *judgments* or *results*. *Id.* Here, Iconic has not claimed an interest relating to the subject of the action, nor can it, because the Plaintiff has already settled his claims as against Iconic. "By entering into [a] Settlement Agreement . . . the [entity sought to be joined] cannot be said to 'claim[ ] an interest in the subject' of this action, as Rule 19(a)(1)(B) requires." *Smith v. Martorello*, No. 3:18-Cv-1651-AC, 2021 WL 5910652, at *2 (D. Or. Dec. 14, 2021) (*quoting Duggan v. Martorello*, 596 F. Supp. 3d 195, 204 (D. Mass. 2022)).

Numerous district courts have held that the concerns requiring joinder under Rule 19(a)(1)(B) are simply unmet when one of multiple defendants (or putative defendants) elects to settle the plaintiff's claims against them. One defendant simply having claims against the other, released defendant does not transform a *judgment* against the unreleased defendant into an inconsistent *obligation* on the part of the released defendant. As the District of Massachusetts explained in *Duggan*, "That concern is no longer present in this case because the [released defendants] were already joined as defendants in this action and could have remained in the case to protect their interests. Instead, they chose to settle Duggan's claims against them." *Duggan*,

3

596 F. Supp. 3d at 204. "If a person decides not to intervene in the action, it indicates the person does not believe their interest to be at risk, and courts should not question that decision absent compelling reason." *United States v. San Juan Bay Marina*, 239 F.3d 400, 407 (1st Cir. 2001).

"Where a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder [is] unnecessary." *Altmann v. Republic of Austria*, 317 F.3d 954, 971 (9th Cir. 2002) (cleaned up). Here, Iconic's settlement agreement with the Plaintiff is the "best evidence that [its] absence would not impair or impede [its] ability to protect [its] interests." *U.S. ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994). And although parties to a contract which is the subject of the litigation are typically necessary parties (*Cf. Mot.* at p. 6), that rule is not absolute and does not apply in circumstances when one defendant elects to settle the claims the plaintiff may have against them. *Duggan*, 596 F. Supp. 3d at 205. This is all the more so because this is a TCPA action and is "not an action to set aside a contract or for breach of contract," where a decision in the Plaintiff's favour would require Allied First to eliminate or invalidate its contract with Iconic. *Dillon v. BMO Harris Bank, N.A.*, 16 F. Supp. 3d 605, 612-13 (M.D.N.C. 2014).

In sum, to the extent the motion seeks to do so, Allied First has not shown why Iconic should be joined as a Defendant or why the Plaintiff should be forced to assert already settled claims as against Iconic. To the extent that Allied First seeks to assert a claim as against Iconic as a Third Party Plaintiff, the Plaintiff takes no position on that relief and leaves Allied Frist to its proofs. However, the Plaintiff should not, and cannot, under the wealth of authority cited, be forced to add in Iconic as a Defendant and pursue claims against Iconic, claims which have already been released. To the extent that Allied First's motion seeks to do so, it should be denied.

RESPECTFULLY SUBMITTED AND DATED this June 14, 2024.

        */s/ Anthony Paronich*
        Anthony Paronich
        Email: anthony@paronichlaw.com
        PARONICH LAW, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        Telephone: (617) 485-0018
        Facsimile: (508) 318-8100