**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-5277 |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO JOIN ICONIC RESULTS, LLC AS A NECESSARY PARTY OR, IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY** |
| v. | |
| ALLIED FIRST BANK, SB and CONSUMER NSIGHT LLC | |
| Defendants. | |
| _____/ | |

**Honorable Robert W. Gettleman**

Defendant Allied First Bank, SB ("Allied First"), now known as Servbank, S.B., by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 19(a)-(b), hereby submits this Reply in Further Support of its Motion to Join Iconic Results, LLC as a Necessary Party or, in the Alternative, Motion to Dismiss for Failure to Join an Indispensable Party, and states as follows:

**INTRODUCTION**

Plaintiff's entire Opposition is premised on the notion that because Plaintiff entered into a pre-suit settlement with Iconic Results, LLC ("Iconic Results"), Iconic Results cannot be joined as a necessary party. Plaintiff is correct that it entered a settlement and cannot be forced to assert claims that it no longer has. Plaintiff fails to acknowledge, however, that because Iconic Results is a necessary party that cannot be joined in this action, this Court must dismiss Plaintiff's claims against Allied First for failure to join an indispensable party. Accordingly, Allied First respectfully requests that this Court grant its Motion to Join Iconic Results, LLC as a Necessary Party or, in the Alternative, Motion to Dismiss for Failure to Join an Indispensable Party, and enter an Order dismissing this action for Plaintiff's failure to join Iconic Results.

I. **ARGUMENT**

Plaintiff does not dispute that Iconic Results is the party responsible for the telephone calls made to Plaintiff. Rather, Plaintiff's entire Opposition is premised on two arguments (1) that Plaintiff already settled with Iconic Results before the commencement of this action so Iconic Results cannot be joined as a necessary party, and (2) Iconic Results has not claimed an interest in the action so they cannot be joined as a necessary party pursuant to Rule 19(a). Plaintiff misinterprets the standard set forth in Rule 19(a)(1)(B), which provides that a person must be joined if

> that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Allied First explained in its Motion that to resolve Plaintiff's claims against Allied First, the Court will have to determine whether Consumer Nsight's and Iconic Results' actions violated the TCPA, and that if Iconic Results is not joined, it is unable to defend itself from those decisions. However, because Allied First agrees that Plaintiff entered a settlement and cannot be forced to assert claims that it no longer has, Allied First will focus on dismissal pursuant to Rule 19(b) for failure to join an indispensable party.

**A. Dismissal is proper because Iconic Results is an indispensable party.**

Fed. R. Civ. P. 19(b) provides that

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment

2

rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

In *Cooley v. First Data Merchant Services, LLC*, 2020 WL 13526633, Civil Action No. 1:19-CV-1185-TWT (N.D. Ga. Feb. 7, 2020), the Northern District of Georgia determined that where the Plaintiff failed to join the parties who made the phone calls in a TCPA action, dismissal was proper. For the same reasons as set forth below, dismissal is proper here too.

### 1. *A judgment rendered in Iconic Results' absence would prejudice Iconic Results and Allied First.*

Any judgment rendered in Iconic Results' absence undoubtedly would prejudice Iconic Results and Allied First. Again, there is no dispute that Iconic Results made the calls at issue. A judgment rendered in this case could prejudice Iconic Results because this Court would be required to make factual and legal determinations regarding the unlawfulness of Iconic Results' telemarketing calls. It is likely that any settlement that Iconic Results entered into with Plaintiff included a provision in which Iconic Results disputed its liability. However, this Court may determine, based on the facts in this case, that Iconic Results did in fact violate the TCPA when it made the calls to Plaintiff. This would prejudice Iconic Results as it would not be present at trial to defend itself.

Similarly, because Iconic Results will not be present at trial, Allied First, in order to defend against Plaintiff's vicarious liability claim, will need to defend not only itself, but also Iconic Results. This would require Allied First to advance a defense that Iconic Results' conduct did not violate the TCPA—a defense which Allied First is not in a position to advance based on its limited knowledge of Iconic Results' conduct. Even with discovery, only Iconic Results knows how it conducted its business. Thus, any judgment that Consumer Nsight violated the TCPA necessarily would be based on Iconic Results' violation of the TCPA, which Consumer Nsight cannot defend

3

against at trial. Accordingly, any judgment rendered in Iconic Results' absence would prejudice Iconic Results and Allied First.

### 2. *The prejudice cannot be lessened or avoided.*

The prejudice resulting from a judgment rendered in Iconic Results' absence cannot be lessened or avoided. *First*, no protective provisions in the judgment can lessen or avoid the prejudice. Indeed, the judgment itself is what will cause prejudice to Iconic Results and Allied First. *Second*, and for the same reasons, the Court cannot shape the relief to lessen or avoid the prejudice. *Third*, there are no other measures to lessen or avoid the prejudice. To be sure, the only means in which the prejudice can be avoided is if Iconic Results is present at trial which, because of its pre-suit settlement with Plaintiff, it cannot be. Thus, the prejudice cannot be lessened or avoided.

### 3. *A judgment rendered in Iconic Results' absence would not be adequate.*

Any judgment rendered in Iconic Results' absence would not be adequate. For instance, and as set forth in Allied First's Motion, Plaintiff seeks "injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future." (Compl. at Prayer for Relief, ECF No. 26.) Allied First was not responsible for the calls at issue, did not control how the calls were made, and had no relationship with Iconic Results. Allied First thus is unable to effectuate Plaintiff's request for injunctive relief as Allied First cannot prohibit Iconic Results from making calls to any residential number listed on the National Do Not Call Registry in the future. Iconic Results, as the only entity who made the calls at issue, is the only entity who can ensure that the calls are not made in the future. Any judgment rendered solely against Allied First would not be adequate.

### 4. *Plaintiff would have an adequate remedy if this action were dismissed for nonjoinder.*

Plaintiff certainly would have an adequate remedy if this action were dismissed for nonjoinder. As admitted in Plaintiff's Opposition, Plaintiff settled his claims with Iconic Results and Consumer Nsight. These claims are for the same alleged actions for which Plaintiff seeks relief against Allied First—telemarketing calls made to Plaintiff's residential telephone number in violation of the TCPA. *First*, Plaintiff's request for injunctive relief seemingly has been effectuated as it is likely that his settlement with Iconic Results included a provision prohibiting Iconic Results from making any telephone calls to Plaintiff which would violate the TCPA. *See e.g., Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 489 (N.D. Ill. Nov. 23, 2015) (including injunctive relief as part of TCPA settlement); *In re Capital One Telephone Consumer Protection Act Litigation*, 80 F.Supp.3d 781, 786 (N.D. Ill. Feb. 12, 2015) (same). As set forth above, Allied First did not place the calls at issue and had no knowledge or control over Iconic Results' placement of the telephone calls. Thus, Plaintiff has already remedied his request for injunctive relief.

*Second*, TCPA provides that a Plaintiff may recover $500 for each violation of the TCPA, which may be trebled if the defendant willfully or knowingly violated the TCPA. 47 U.S.C. § 227(b)(3). Upon information and belief, the settlement between Plaintiff and Iconic Results exceeds the amount of damages allowed pursuant to the TCPA. It should not be overlooked that Plaintiff also entered into an *additional* settlement with Consumer Nsight. Plaintiff surely has remedied his damages claim as he has already received the maximum amount of damages allowed under the law, regardless of whether the violations were willful or not.[1] Thus, Plaintiff is already adequately remedied in this action.

---

[1] Based on Plaintiff's representation that he has settled his claims with Iconic Results and Consumer Nsight which, upon information and belief, exceed the maximum amount of damages

5

## **CONCLUSION**

WHEREFORE, Allied First Bank, SB, respectfully requests that this Court grant its Motion to Join Iconic Results, LLC as a Necessary Party or, in the Alternative, Motion to Dismiss for Failure to Join an Indispensable Party and enter an Order dismissing this action for Plaintiff's failure to join Iconic Results.

[*signature page attached*]

---

allowed under the TCPA, Allied First anticipates filing an additional Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction as Plaintiff's claims against Allied First are now moot. Courts in this Circuit have observed that a plaintiff's claim may be moot where the plaintiff's settlement grants full relief to the plaintiff on the claims against the remaining defendant. *See e.g., Prtalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 383 (7th Cir. 2018) ("Once a plaintiff settles with one defendant for the full relief available for a single, indivisible injury, the plaintiff generally cannot pursue a claim for the same injury against a different defendant; the settlement renders such a claim moot."); *Martin v. PPP, Inc.*, 719 F.Supp.2d 967, 974-77 (N.D. Ill. June 25, 2010) (finding that dismissal for lack of subject matter jurisdiction was proper in a TCPA action where defendant offered plaintiff a settlement of all damages allowed under the TCPA plus costs, which was rejected by plaintiff in an effort to seek additional damages).

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *s/Carmen H. Thomas*
Carmen Harper Thomas
*Pro Hac Vice Admitted*
Email: carmen.thomas@nelsonmullins.com
1320 Main Street, 17th Floor
Columbia, SC 29201
Tel: (803) 799-2000

Nathan E. Hoffman
Email: nathan.hoffman@nelsonmullins.com
One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, Tennessee 37219
Tel: (615) 664-5300

P.O. Box 641040
Chicago, IL 60664
Tel: (312) 205-7950

Alan Kaufman
*Pro Hac Vice to be Submitted*
Email: alan.kaufman@nelsonmullins.com
330 Madison Avenue, 27th Floor
New York, NY 10017
Tel: (212) 413-9000

*Attorneys for Defendant Allied First Bank, SB*

## Certificate of Service

   I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on June 28, 2024. I also certify that the foregoing document is being served this day on the following via the method(s) indicated:

**Electronic Filing generated by CM/ECF**
Anthony Paronich, Esq.
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
*Attorneys for Plaintiff*

Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
a@perronglaw.com
*Attorneys for Plaintiff*

**Electronic Filing generated by CM/ECF, Email**
Andrew D. LeMar, Esq.
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, Illinois 60611-3607
alemar@burkelaw.com
*Attorney for Consumer Nsight LLC*

**Certified Mail – Return Receipt Requested – Delivery Restricted to Addressee**
Iconic Results LLC
c/o Capitol Corporate Services, Inc, Registered Agent
8825 N. 23rd Avenue, Ste. 100
Pheonix, AZ 85021
*Registered Agent for Iconic Results LLC*

**Regular U.S. Mail and Email**
Becca Wahlquist
Kelley Drye & Warren LLP
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
bwahlquist@kelleydrye.com
*Attorneys for Iconic Results LLC*

                           */s/ Carmen H. Thomas*
                           Carmen H. Thomas