IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>ALLIED FIRST BANK, SB<br>et al.<br><br>　　　　　　　　Defendants. | Case No. 1:22-cv-05277<br><br>**JURY TRIAL DEMANDED** |

**PROPOSED SUR-REPLY TO DEFENDANT ALLIED FIRST'S
REPLY IN SUPPORT OF ITS MOTIONS TO JOIN OR DISMISS**

　　As explained in the Plaintiff's original response in opposition, the Defendant's motion is misguided as a legal matter because it attempts to use the joinder mechanism to attempt to hijack the Plaintiff's prosecution of his own case for its own benefit. The framers of Rule 19(a) never intended Rule 19(a) to operate in such a way as to force the Plaintiff to litigate settled claims against a nonparty under penalty of dismissal of another party from the action, and the mountain of case law cited in the Plaintiff's original brief still holds true: when a defendant or putative defendant in a lawsuit settles the plaintiff's claims against them, the plaintiff is still permitted to bring claims against other responsible parties. The compulsory joinder provisions are simply not met in such cases, and joinder of parties is not required.

　　Unsurprisingly, the Defendant is unable to point to case law holding that when a jointly liable party settles the plaintiff's claims against it, the remaining parties are entitled to force the plaintiff to rejoin the settled party or else face dismissal. The singular *case* cited by the Defendant in its reply, *Cooley v. First Data Merch. Servs., LLC*, No. 1:19-CV-1185-TWT, 2020 WL 13526633, at *1 (N.D. Ga. Feb. 7, 2020), does not dictate a different result. There, in a case

similar to this one, plaintiffs sued First Data, a seller of services, but did not sue, nor settle with, two other vicariously liable entities, NPS, a telemarketing service provider, and One Connect, a provider of calling services, for violating the TCPA. The Court dismissed the action for failure to join NPS and One Connect and held such joinder was impracticable because of a *lack of personal jurisdiction* on the part of those defendants. Not so here, where Iconic Results has *settled* the Plaintiff's claims against it and is therefore *not liable* and not properly a party to the litigation. If Allied First wants to sue Iconic for contribution, indemnification, or any other theory, it is free to do so either in a separate action or by asserting any claim it may have.

The remainder of the Defendant's reply was adequately addressed in the Plaintiff's opposition, but the Plaintiff wishes to point out that Defendant misreads the prejudice and adequacy prongs of Rule 19(a) because it attempts to manufacture prejudice and inadequacy while ignoring the fact that Rule 19(a) is designed to protect only the parties *to the litigation,* not absent parties like Iconic. *Varlen Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2011 WL 3664796, at *4 (N.D. Ill. Aug. 17, 2011) ("Rule 19(a)(1)(A) is designed to protect the interests of those parties [to the litigation] only."). Iconic will not be prejudiced when it is absent at trial because the *Plaintiff* will not–and cannot–assert claims against Iconic. If Allied First feels that some evidence in Iconic's possession will provide it a defense, it is free to serve third-party discovery on Iconic or call a corporate representative for deposition or to testify at trial.

The Plaintiff also wishes to point out that he would *not* have an adequate remedy if this action were dismissed for nonjoinder. The Plaintiff *did not settle* his claims for his minimum statutory damages under the TCPA, and therefore his claims remain actionable because the Plaintiff's own recovery of the settlement was less than his statutory damages. The Plaintiff also has not secured injunctive relief against *Allied First*, so Allied First could still hire another

2

vendor to place calls to the Plaintiff in violation of the TCPA or start up a telemarketing campaign entirely. It is on this point that *Kolinek* and *Capital One* are distinguishable.

The motion should be denied because it seeks to do the impermissible: hijack the Plaintiff's case, contrary to well-established case law prohibiting joinder rules from being used for such a purpose.

Dated: July 8, 2024	/s/ Anthony I. Paronich
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com