IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL KATZ, individually and on behalf of, all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.   22 C 5277 |
| v. | ) ) | Judge Robert W. Gettleman |
| ALLIED FIRST BANK, SB and CONSUMER NSIGHT LLC, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Plaintiff Samual Katz, on behalf of himself and all others similarly situated, sued

defendant Allied First Bank, SB ("Allied") for violating the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227, by placing telemarketing phone calls to his phone number which he

has registered on the National Do Not Call Registry. After Allied answered and raised thirty-

five affirmative defenses, plaintiff filed an amended complaint adding Consumer Nsight LLC as

a defendant, alleging that Allied contracted with Consumer Nsight to make telemarketing calls

on its behalf to consumers who have never had a relationship with Allied and who had never

consented to receive such calls.

Consumer Nsight moved to dismiss for lack of personal jurisdiction, supported by a

declaration from its Chief Executive Officer indicating that Consumer Nsight does not make,

dial, or otherwise initiate telemarketing calls from or to any state, but rather provided advertising

services to Allied, which included consulting services for live contact telephone call transfers

from a call center to Allied Representatives.   The court stayed ruling on Consumer Nsight's

motion to dismiss and granted plaintiff leave to take limited jurisdictional discovery.   During the

course of that discovery, plaintiff settled with Consumer Nsight and pursuant to a stipulation, the court dismissed plaintiff's claims against Consumer Nsight with prejudice and dismissed any putative class member's claims without prejudice.

Allied has now filed two motions: 1) to join Iconic Results, LLC ("Iconic"), the call center used by Consumer Nsight, as a necessary party; and 2) for leave to file an amended answer adding a third-party complaint against Consumer Nsight.   For the reasons described below, the first motion is denied and the second, which is unopposed, is granted.

Fed. R. Civ. P. 19 governs joinder of parties.   Under Rule 19(a) the court must determine whether a person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction, is "required to be joined if feasible" (a "necessary party"). A party is necessary if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave an existing party substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest."   Fed. R. Civ. P. 19(a)(1).

If the court determines that a person (or a party) is required but cannot be joined, then the court must determine under Rule 19(b) "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."   Fed. R. Civ. P. 19(b).

Allied argues that because there is no dispute that Iconic is responsible for the calls in question, the court cannot afford complete relief among the existing parties unless Iconic is added to the action.   In particular, Allied argues that plaintiff has sought injunctive relief

"prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls except for emergency purposes, to any number listed on the National Do Not Call Registry in the future." Allied argues that because it has no relationship with Iconic, it is unable to effectuate plaintiff's request for injunctive relief. As plaintiff notes, however, the Rule refers to complete "relief among the persons already parties, and not as between a party and the absent person whose joinder is sought." Perrian v. O'Grady, 958 F. 2d 192, 196 (7th Cir.1992) (cleaned up). The court can certainly enjoin Allied from making prohibited calls on its own or engaging someone to make those calls in the future. Thus, the court can accord complete relief among the existing parties.

Nor has Iconic claimed an interest relating to the subject of the action such that its absence may impair its ability to protect that interest or leave Allied with substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest. In fact, in his response to Allied's motion, plaintiff points out that he has settled his claims against Iconic, leaving no reason to join Iconic as a defendant.

In its reply, Allied argues for the first time that because Iconic has settled with plaintiff Iconic is now a necessary party that cannot be joined, requiring the court to dismiss the action under Rule 19(b).[1] The court disagrees. First, as noted above, Iconic is not a necessary party. Second, even if it were a necessary party, it could be joined because it is subject to service of process and its joinder would not deprive the court of subject matter jurisdiction.

Finally, even if it were both a necessary party and could not be joined, the court would then have to determine "whether, in equity and good conscience, the action should proceed

---

[1] Technically, Allied's request to dismiss the case is a separate motion that should have been brought under Fed. R. Civ. P. 12(b)(7).

among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The factors for the court to consider include: 1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; 2) the extent to which any prejudice could be lessened by: A) protective provisions in the judgment; B) shaping the relief; or C) other measures; 3) whether a judgment rendered in the person's absence would be adequate; and 4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 9(b).

Application of these factors favor proceeding with the action rather than dismissal. First, a judgment rendered against Allied would not prejudice Iconic because Iconic has already settled with plaintiff. Second, any judgment entered by the court would be adequate as to plaintiff and Allied. Allied argues that a judgement against it would necessarily mean that Iconic also violated the TCPA, leaving it potentially liable to Allied. Iconic and Consumer Nsight are now in the same position. Each has settled with plaintiff and is not a party to the action but has potential liability to Allied as an indemnitor. But "potential indemnitors have never been considered indispensable, or even parties whose joinder is required if feasible." Pasco Intern. (London) Ltd. V. Stenograph Corp., 637 F.2d 496, 501 (7th Cir. 1980). And, Allied has already sought to protect its interest with respect to Consumer Nsight by moving (successfully) to bring a third-party complaint against it. It can do the same with respect to Iconic. Consequently, the court denies Allied's motion to add Iconic as a necessary party or dismiss the action under Rule 19(b).

The court grants Allied's unopposed motion to amend its answer and add a third-party complaint against Consumer Nsight and grants Allied leave to bring a third-party complaint against Iconic.

4

## <u>CONCLUSION</u>

For the reasons described above, Allied's motion to join Iconic Results [69] is denied.

Allied's unopposed motion to file an amended answer and third-party claims [70] is granted.

The court grants Allied leave to file third-party claims against Iconic. Allied is directed to file

its amended answer and third-party claims by August 5, 2024. The parties are directed to file a

joint status report on this court's form by September 9, 2024.


ENTER:


**Robert W. Gettleman**
**United States District Judge**

**DATE:    July 15, 2024**

5