# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated | ) ) ) |
| Plaintiff, | ) Case No. 1:22-cv-05277 ) |
| v. | ) Judge Robert W. Gettleman ) Magistrate Judge Maria Valdez |
| ALLIED FIRST BANK, SB, | ) ) |
| Defendant. | ) ) ) |
| _____ | ) |
| ALLIED FIRST BANK, SB | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| CONSUMER NSIGHT LLC, | ) ) |
| Third-Party Defendant. | ) |

## DECLARATION OF RICHARD SABATINO

I, Richard Sabatino, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

1.      My name is Richard Sabatino and I am over the age of eighteen (18) years and duly qualified to execute this declaration.

2.      I am the Chief Executive Officer and sole member of Defendant, Consumer Nsight LLC ("Consumer Nsight").

3.      Consumer Nsight is a Florida limited liability company. The company was organized under the laws of the State of Florida on October 19, 2020.

1

4.      Consumer Nsight's principal place of business and principal address is 10055 Yamato Road, Suite 111, Boca Raton, Florida 33498.

5.      Consumer Nsight does not conduct business in the State of Illinois, nor has it ever.

6.      Consumer Nsight is not registered to do business in the State of Illinois, nor has it ever been.

7.      Consumer Nsight has never had an office or a place of business in the State of Illinois.

8.      Consumer Nsight has never maintained a mailing address, post office box, telephone number or bank account in the State of Illinois.

9.      Consumer Nsight has never had a registered agent for service of process in the State of Illinois.

10.     Consumer Nsight does not directly solicit business in Illinois, does not directly market its services in Illinois, and does not advertise in Illinois, nor has it ever.

11.     Consumer Nsight has never placed or introduced any products into the stream of commerce anywhere in the United States, including in Illinois.

12.     Consumer Nsight has not paid taxes in the State of Illinois, nor has it ever held any license of any kind in the State of Illinois.

13.     Consumer Nsight does not own any property in the State of Illinois, nor has it ever.

14.     No member of Consumer Nsight resides in the State of Illinois, nor have they ever.

15.     Consumer Nsight is not a telemarketing firm.  Consumer Nsight does not make, dial, or otherwise initiate telemarketing calls from or to any state, including Illinois, and Consumer Nsight does not direct telemarketing calls to residents of Illinois.

2

16.     Rather, Consumer Nsight provided advertising consultant services to Allied First Bank, SB ("Allied First").  Part of those services included consulting services for live contact telephone call transfers from a call center to Allied Bank representatives.

17.     Consumer Nsight does not speak with or otherwise have any contact or interaction with the call recipient or the person at the call center making the call.

18.     The call center with which Consumer Nsight has a relationship is not owned or operated by Consumer Nsight or any of its members, nor otherwise affiliated with Consumer Nsight.

19.     The call center with which Consumer Nsight has a relationship is located in Arizona.

20.     While Consumer Nsight has provided consulting services for live contact telephone call transfers to Allied First, Consumer Nsight has never had a written contractual agreement with Allied First, and Consumer Nsight has never made, dialed, or otherwise initiated any telemarketing calls for on behalf of Allied First. Furthermore, the only Allied First branch location for which Consumer Nsight provided consulting services is located in Arizona.

21.     On January 28, 2022, I sent a proposal, via email from Florida, to Craig Mattson at Allied First for live contact call transfers to Allied First for individuals interested in mortgage refinances.  A true and correct copy of the proposal is attached hereto as Exhibit A.

22.     I have known Mr. Mattson for over ten years, and my understanding is that, at the time I sent the proposal and at all times Consumer Nsight provided services to Allied First pursuant to the proposal (from February 2022 to April 2022), Mr. Mattson was Allied First's Regional Sales Manager, located in Scottsdale, Arizona. Mr. Mattson's email signature indicated his business address was in Scottsdale, Arizona, and the services Consumer Nsight provided to Allied First

3

pursuant to the proposal were only provided to an Allied First branch located in Arizona to which the live contact telephone call transfers were transferred.

23.     I am the only person affiliated with Consumer Nsight who communicated with Allied First regarding the proposal and the live contact telephone transfers provided by Consumer Nsight to Allied First pursuant to the proposal, and none of my communications occurred within Illinois, nor were any communication directed to Allied First or the Plaintiff within Illinois. Rather, all of my communications to Allied First regarding the proposal and live contact telephone transfers were sent from Florida to Mr. Mattson in Arizona.

24.     Consumer Nsight did not call the plaintiff in the above-captioned lawsuit, Samuel Katz ("Plaintiff") or direct any communication to Plaintiff within the State of Illinois or otherwise, and did not transfer a call made to Plaintiff to a location in Illinois.

25.     Consumer Nsight has never communicated with Plaintiff or attempted to communicate with Plaintiff in any way.

26.     Consumer Nsight does not make calls from any phone numbers having a (207) area code.

27.     Consumer Nsight has never owned or used the telephone number (207) 203-6083.

28.     Consumer Nsight has no physical infrastructure in the State of Illinois, nor does Consumer Nsight have the ability to make, dial, or otherwise initiate any telephone calls from within the State of Illinois.

29.     On January 26, 2024, in the above-captioned case, Consumer Nsight served its Objections and Responses to Plaintiff's First Set of Discovery, which was jurisdictional discovery pursuant to the Court's October 6, 2023 order in this case with the Document Number 46. A true and correct copy of those objections and responses is attached hereto as Exhibit B.

30.    On September 16, 2024, I retrieved a certified mail envelope from Consumer Nsight's registered office in Boca Raton, Florida.  The envelope was addressed to me, as Consumer Nsight's registered agent, and it was sent by the Law Office of Nelson Mullins Riley & Scarborough, LLP in Columbia, South Carolina.  A true and correct copy of the envelope is attached hereto as Exhibit C.

31.    According to the envelope, it was sent on September 9, 2024, and according to the United States Postal Service's tracking information for the certified mail number on the envelope, the envelope was delivered to Consumer Nsight's registered address on September 13, 2024.  A true and correct copy of the United States Postal Service's tracking information for the certified mail number on the envelope is attached hereto as Exhibit D.

32.    In the envelope were two documents.  One document was titled Summons on a Third-Party Complaint, a true and correct copy of which is attached hereto as Exhibit E.  The other document was titled Amended Answer to First Amended Complaint with Affirmative Defenses and Third Party Claims and Third Party Complaint, filed in the above-captioned case on August 5, 2024, with the Document Number 79 ("TPC").  There were no other documents in the envelope, and I have not received any waiver of service of summons form or any other documents from Allied First or its attorneys in this case.

33.    In addition, Consumer Nsight has not been served with the Summons on a Third-Party Complaint or TPC by any means other than by the certified mail envelope discussed above, and Consumer Nsight has not agreed to waive personal service of the summons or the TPC.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.  SIGNATURE PAGE TO FOLLOW]**

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 25th day of October, 2024.

_____
Richard Sabatino

4880-7607-9346, v. 1

6

# EXHIBIT A

Consumer Nsight LLC       Florida
United States



| Prepared For | Proposal Date | Proposal Number |
|---|---|---|
| Craig Mattson | 01/28/2022 | ████ |
| Allied First Bank | | |
| 17550 N. Perimeter Drive, Suite 400 | | |
| Scottsdale, Arizona | | |
| 85255 | | |
| United States | | |

cmattson@alliedfirst.com
Direct: 602-████

## Pricing

| Description | Rate | Qty | Line Total |
|---|---|---|---|
| Prescreened Refinance Live Transfers | $145.00 | 500 | $72,500.00 |
| | | Subtotal | 72,500.00 |
| | | Tax | 0.00 |
| | | Proposal Total (USD) | $72,500.00 |

## Notes

Banking Info:

Consumer Nsight, LLC
10055 Yamato Road Suite 111
Boca Raton, FL 33498

WIRE Routing #: ████
ACH Routing #: ████
Account #: ████

Bank Address:

Wells Fargo Bank
9906 Glades Rd
Boca Raton, FL 33434

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated | ) )  ) |
| Plaintiff, | ) Case No. 1:22-cv-05277 ) |
| v. | ) Judge Robert W. Gettleman ) Magistrate Judge Sunil R. Harjani |
| ALLIED FIRST BANK, SB; and CONSUMER NSIGHT LLC, | ) ) ) |
| Defendants. | ) |

**DEFENDANT CONSUMER NSIGHT LLC'S OBJECTIONS AND**
**RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY**

Comes now Defendant, Consumer Nsight LLC ("Defendant" or "Consumer Nsight"), by and through its undersigned counsel, and for its Objections and Responses to Plaintiff's First Set of Discovery, states and asserts the following:

**GENERAL OBJECTIONS**

1.      These answers and responses are made solely for the purposes of this action. Each answer and response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all grounds that would require the exclusion of any statement herein if any interrogatories and/or requests were asked for, or if any statement were made by a witness present or testifying in Court or by an attorney conducting an examination of a witness in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

2.      Consumer Nsight objects to the Instructions in Plaintiff's Interrogatories.

3.      Consumer Nsight objects to Plaintiff's discovery requests to the extent that any one seeks information that is not in Consumer Nsight's possession, custody, or control.

1

4.      Consumer Nsight objects to Plaintiff's discovery requests to the extent that any one requests information and/or documents that are subject to attorney-client privilege, that constitute trial preparation materials or work product, or that are otherwise privileged, protected from, and/or not subject to discovery.  Nothing contained in these responses is intended or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

5.      Consumer Nsight objects to Plaintiff's discovery requests to the extent that any one seeks information and/or documents that are irrelevant, immaterial, and/or not reasonably calculated to lead to discovery of relevant or admissible evidence.

6.      Consumer Nsight objects to Plaintiff's discovery requests to the extent that any one seeks information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information.

7.      Consumer Nsight objects to Plaintiff's definition of the term "Defendant" as overly broad, not relevant to the claims or defenses of any party properly in this action, and not reasonably calculated to lead to the discovery of admissible evidence because it purports to "include[], without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives."  Consumer Nsight objects to Plaintiff's definition of the term "You" as overly broad, not relevant to the claims or defenses of any party properly in this action, and not reasonably calculated to lead to the discovery of admissible evidence because it purports to "include[] without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." In responding to these interrogatories and requests, Consumer Nsight will respond on behalf of itself.

2

8.      Each and every response below is made subject to the foregoing General Objections, regardless of whether a general or specific objection is stated in the response to a particular discovery request, and Consumer Nsight does not waive any General Objections not referred to in a particular response.

### INTERROGATORIES

1.      Identify the amount of Illinois leads that Consumer Nsight or any vendor of yours that generated leads for Allied First during the putative class contacted.

**ANSWER**:  Consumer Nsight objects to this interrogatory as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation."  (Dkt. No. 46 at 2-3.)  Consumer Nsight further objects to this interrogatory because the terms and phrases "Illinois leads," "any vendor of yours," and "during the putative class" are vague and ambiguous. Consumer Nsight further objects to this interrogatory because it lacks foundation and assumes facts that have not been established. Consumer Nsight further objects to this interrogatory as it is overly broad with respect to the request for all "leads" that were "contacted." Consumer Nsight further objects to the extent this interrogatory seeks information protected by personal rights to privacy. Consumer Nsight further objects to this interrogatory to the extent it seeks information not in Consumer's Nsight's possession, custody, or control.  Subject to and without waiving its objections, Consumer Nsight did not generate leads specifically for Allied First Bank, SB ("Allied First"). Data provided to Iconic Results LLC ("Iconic"),

3

the call center that made the calls to the Plaintiff identified in Plaintiff's First Amended Complaint –
Class Action filed on July 1, 2023 in this action ("FAC"; Dkt. No. 26), is not earmarked for Allied
First or any other client of Consumer Nsight or Iconic.

      2.      Identify all individuals that worked on or provided information for the declaration
you submitted in response to the Plaintiff's Complaint in this matter.

      **ANSWER**: Consumer Nsight objects to this interrogatory as overly broad and irrelevant to the
jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended
Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35)
because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which
allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent
of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge
of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight
further objects to this interrogatory because the phrases "worked on" and "the declaration you
submitted in response to the Plaintiff's Complaint in this matter" are vague and ambiguous. Subject to
and without waiving its objections, to the extent the phrase "the declaration you submitted in response
to the Plaintiff's Complaint in this matter" is intended to refer to the Declaration of Richard Sabatino
attached as Exhibit 1 to Consumer Nsight's Memorandum in Support of its Motion to Dismiss
Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) (Dkt. No. 35-1), Richard
Sabatino provided information for the declaration, which was prepared with the assistance of
Consumer Nsight's legal counsel.

      3.      Identify all vendors of yours that worked on the Allied First campaign and identify
the material terms of all such agreements.

      **ANSWER**: Consumer Nsight objects to this interrogatory as overly broad and irrelevant to the
jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended

Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this interrogatory because the terms and phrases "all vendors of yours," "the Allied First campaign," and "all such agreements" are vague and ambiguous. Consumer Nsight further objects to this interrogatory because it is an improper compound interrogatory. Consumer Nsight further objects to this interrogatory because it lacks foundation and assumes facts that have not been established. Subject to and without waiving its objections, Consumer Nsight had a relationship with Iconic, which is located in Arizona. Iconic is the call center that made the calls to the Plaintiff identified in the FAC, but calls made by Iconic using data provided by Consumer Nsight are not earmarked for Allied First or any other client of Consumer Nsight or Iconic. Other than Iconic, Consumer Nsight did not engage any vendors to perform any services with respect to Allied First.

4.    Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:** Consumer Nsight objects to this interrogatory as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this interrogatory because the phrase "interrogatories in this case" is vague and

ambiguous. Consumer Nsight further objects to this interrogatory as overly broad to the extent it seeks information regarding persons who provided information related to any other interrogatories served in this matter aside from those served on Consumer Nsight by Plaintiff. Consumer Nsight further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of Plaintiff, Allied First, or third parties. Subject to and without waiving its objections, Richard Sabatino provided information responsive to these interrogatories.

## DOCUMENT REQUESTS

1.     Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:** Consumer Nsight objects to this request as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this request because the phrases "documents identified in or used to research or draft responses to interrogatories in this case" and "interrogatories in this case" are vague and ambiguous. Consumer Nsight further objects to this request as overly broad to the extent it seeks "documents identified in or sued to research or draft" responses to interrogatories served by Plaintiff or Allied First in this case. Consumer Nsight further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of Plaintiff, Allied First, or third parties. Subject to and without waiving its objections, Consumer Nsight did not identify any documents in its answers to Plaintiff's

6

interrogatories directed to Consumer Nsight, nor did Consumer Nsight "use[]" any documents in drafting its answers to Plaintiff's interrogatories directed to Consumer Nsight. Therefore, Consumer Nsight does not have any documents responsive to this request.

2.      Please produce all contracts with Allied First or any vendor of yours that worked on the Allied First campaign.

**RESPONSE:** Consumer Nsight objects to this request as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this request because the terms and phrases "all contracts," "any vendor of yours," and "the Allied First campaign" are vague and ambiguous. Consumer Nsight further objects to this request as overly broad and irrelevant to the claims or defenses of any party in this lawsuit because: (1) it is not limited in scope and time; and (2) it is not limited to the calls at issue in the FAC. Subject to and without waiving its objections, Consumer Nsight does not have a written contract with Allied First or Iconic. Therefore, Consumer Nsight does not have any documents responsive to this request.

3.      All communications with Allied First or any vendor of yours that hired Allied First regarding outbound calls or new customer origination.

**RESPONSE:** Consumer Nsight objects to this request as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which

allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this request because the terms and phrases "any vendor of yours," "any vendor of yours that hired Allied First," "outbound calls," and "new customer origination" are vague and ambiguous. Consumer Nsight further objects to this request as overly broad and irrelevant to the claims or defenses of any party in this lawsuit because: (1) it is not limited in scope and time; (2) it is not limited to the calls at issue in the FAC; and (3) it appears to seek communications regardless of whether they are in Consumer Nsight's possession, custody, or control. Consumer Nsight objects to this request to the extent it seeks communications or information which are not in Consumer Nsight's possession, custody, or control. Subject to and without waiving its objections, Consumer Nsight is not aware of any "vendor" "that hired Allied First." Therefore, Consumer Nsight does not have any documents responsive to this request to the extent it seeks communications between Consumer Nsight and any "vendor" "that hired Allied First." To the extent this request seeks communications between Consumer Nsight and Allied First regarding Allied First's retention of Consumer Nsight to provide marketing services to Allied First, see documents produced by Allied First, Bates stamped Allied First 569-686, 688-698, and 700-720.

4. All internal communications regarding Allied First or any vendor of yours that worked on the Allied First campaign.

**RESPONSE:** Consumer Nsight objects to this request as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent

of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this request because the terms and phrases "internal communications," "any vendor of yours," "any vendor of yours that worked on the Allied First campaign," and "the Allied First campaign" are vague and ambiguous. Subject to and without waiving its objections, Consumer Nsight does not have any documents responsive to this request.

5.      Please produce all documents identifying any customers originated by Allied First or any vendor of yours that worked on the Allied First campaign that are located in Illinois.

**RESPONSE:** Consumer Nsight objects to this request as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this request because the terms and phrases "customers," "originated by Allied First," "any vendor of yours," "any vendor of yours that worked on the Allied First campaign that are located in Illinois," and "the Allied First campaign" are vague and ambiguous. Consumer Nsight objects to this request to the extent it seeks documents or information which are not in Consumer Nsight's possession, custody, or control. Consumer Nsight further objects to this request as overly broad, not relevant to the claims or defenses of any party properly in this action or whether class certification is appropriate in this action, and as premature because no class has been certified in this action to the extent it seeks names or identifying information regarding any putative class member. Consumer Nsight further objects to this request as improper and overly broad to the extent it seeks personal,

private, and confidential information regarding persons other than Plaintiff, and such information is protected by the Gramm-Leach-Bliley Act and/or other state or federal privacy laws or regulations. Subject to and without waiving its objections, Consumer Nsight does not have in its possession, custody, or control any documents regarding "any customers" that were "originated by Allied First." Responding further, neither Iconic nor any other call center with which Consumer Nsight has had any business relationship is located in Illinois. Therefore, Consumer Nsight does not have any documents in its possession, custody, or control regarding "any customers originated" by "any vendor of [Consumer Nsight] . . . located in Illinois."

Dated: January 26, 2024                          As to objections only,

                                                 **CONSUMER NSIGHT LLC**

                                    By:     /s/ Andrew D. LeMar
                                            One of Its Attorneys

                                            Andrew D. LeMar
                                            Burke, Warren, MacKay & Serritella, P.C.
                                            330 North Wabash Avenue, Suite 2100
                                            Chicago, Illinois 60611-3607
                                            Telephone: (312) 840-7000
                                            Facsimile: (312) 840-7900
                                            alemar@burkelaw.com

## **VERIFICATION**

I, Richard Sabatino, the undersigned, depose and state as follows:

I am the Chief Executive Officer of Consumer Nsight LLC ("Consumer Nsight"), and I am authorized to make this verification. Based upon my personal knowledge, the facts stated in Consumer Nsight's Answers and Objections to the Interrogatories propounded by Plaintiff Samuel Katz in Plaintiff's First Set of Discovery to Consumer Nsight (excluding objections, legal conclusions or matters that are of public record) are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 26ᵗʰ day of January, 2024.

By: _____
Richard Sabatino

## <u>CERTIFICATE OF SERVICE</u>

On January 26, 2024, the undersigned caused the foregoing Defendant Consumer Nsight LLC's

Objections and Responses to Plaintiff's First Set of Discovery to be served by electronic mail on the

following counsel of record:

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 24008
Hingham, MA 02043
anthony@paronichlaw.com

Carmen H. Thomas
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
carmen.thomas@nelsonmullins.com

Andrew R. Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com

Nathan E. Hoffman
Nelson Mullins Riley & Scarborough LLP
One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, Tennessee 37219
nathan.hoffman@nelsonmullins.com

/s/ Andrew D. LeMar
Andrew D. LeMar

4881-8781-1487, v. 2

12

# EXHIBIT C



CERTIFIED MAIL

9414 7266 9904 2206 5661 49

LAW OFFICES
NELSON MULLINS RILEY & SCARBOROUGH, LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
POST OFFICE BOX 11070
COLUMBIA, SOUTH CAROLINA 29211-1070

FIRST CLASS

quadient
FIRST-CLASS MAIL
IMI
$020.00⁰
09/09/2024 ZIP 29201
043M31255788
US POSTAGE

c/o Richard Sabatino, Registered  Agent
Consumer NSight, LLC
10055 Yamato Road, Suite 111
Boca Raton, Florida 33498

# EXHIBIT D

# USPS Tracking®

**FAQs ›**

**Remove ✕**

Tracking Number:

## 94147266990422 06566149

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to an individual at the address at 11:07 am on September 13, 2024 in BOCA RATON, FL 33498.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered
**Delivered, Left with Individual**
BOCA RATON, FL 33498
September 13, 2024, 11:07 am

**Arrived at USPS Regional Facility**
WEST PALM BEACH FL DISTRIBUTION CENTER
September 12, 2024, 12:15 pm

**In Transit to Next Facility**
September 11, 2024

**Arrived at USPS Regional Facility**
COLUMBIA SC PROCESSING CENTER
September 10, 2024, 12:10 am

**Hide Tracking History**

Feedback

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

| Text & Email Updates | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

# EXHIBIT E

AO 441 (Rev. 07/10)  Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| Samuel Katz | ) |
| *Plaintiff* | ) |
| v. | ) |
| Allied First Bank, SB | ) |
| *Defendant, Third-party plaintiff* | ) |
| v. | ) |
| Consumer Nsight LLC | ) |
| *Third-party defendant* | ) |

Civil Action No.  1:22-cv-5277

## SUMMONS ON A THIRD-PARTY COMPLAINT

To: *(Third-party defendant's name and address)*    Consumer Nsight LLC
10055 Yamato Road
Suite 111
Boca Raton, FL 33498

A lawsuit has been filed against defendant    Allied First Bank, SB    , who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff   Samuel Katz    .

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:

Carmen Harper Thomas, 1320 Main Street, 17th Floor, Columbia, SC 29201
Nathan Hoffman, 1222 Demonbreun Street, Suite 1700, Nashville, TN 37203
Alan Kaufman, 330 Madison Avenue, 27th Floor, New York, NY 10017

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Anthony Paronich, 350 Lincoln Street, Suite 2400, Hingham, MA 02043

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint.  You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached.  You may – but are not required to – respond to it.

THOMAS G. BRUTON, CLERK

*Gen*

(By) DEPUTY CLERK



August 28, 2024

DATE

AO 441 (Rev. 07/10) Summons on Third-Party Complaint (Page 2)

Civil Action No.  1:22-cv-5277

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: