**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated | ) ) ) |
| Plaintiff, | ) ) Case No. 1:22-cv-05277 |
| v. | ) ) Judge Robert W. Gettleman ) Magistrate Judge Maria Valdez ) |
| ALLIED FIRST BANK, SB; and CONSUMER NSIGHT LLC, | ) ) ) |
| Defendants. | ) ) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order (ECF No. 99), Plaintiff Samuel Katz, Defendant Allied First Bank, SB (Allied First), now known as Servbank, SB, and Third-Party Defendant Consumer Nsight LLC ("Consumer Nsight") submit the following Joint Status Report on discovery.

On May 23, 2024, Allied First moved to join Iconic Results as a party and to amend its answer to assert third-party claims against Consumer Nsight. (ECF Nos. 69, 70). Plaintiff responded to the motion to join Iconic Results on June 14, 2024, and Allied First replied in support of its motion to join Iconic Results on June 27, 2024. (ECF Nos. 72, 73, 74). On July 15, 2024, this Court (Hon. Robert W. Gettleman) denied Allied First's motion to join Iconic Results and granted Allied First's motion to amend its answer to assert third-party claims against Consumer Nsight. (ECF No. 78).

On August 5, 2024, Allied First filed its Amended Answer to Plaintiff's First Amended Complaint and asserted a third-party claim against Consumer Nsight. (ECF No. 79). This Court issued Summons upon Consumer Nsight on August 28, 2024. On October 25, 2024, Consumer Nsight moved to dismiss Allied First's third-party claims pursuant to Federal Rules of Civil

1

Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6), arguing in part that the Court lacks personal jurisdiction over Consumer Nsight and that Consumer Nsight was not properly served with the third-party complaint. (ECF Nos. 95, 96.) On December 6, 2024, Allied First filed its Opposition to Consumer Nsight's Motion to Dismiss. (ECF No. 103). On December 20, 2024, Consumer Nsight filed its Reply Brief in further support of its Motion to Dismiss. (ECF No. 104). The Court has not ruled on Consumer Nsight's Motion to Dismiss.

On October 30, 2024, Plaintiff and Allied First jointly moved to extend the discovery completion deadline by ninety (90) days to January 31, 2025 on the basis that the parties need additional time to complete discovery. (ECF No. 98). That same day, this Court moved the discovery deadline to January 31, 2025. (ECF No. 99). Allied First is planning to take the deposition of Plaintiff and Iconic Results and will serve discovery requests on Consumer Nsight, though as noted above, Consumer Nsight has challenged the Court's personal jurisdiction over Consumer Nsight and the propriety of service of Allied First's third-party complaint on Consumer Nsight and, therefore, it is Consumer Nsight's position that any discovery as to Consumer Nsight should be stayed pending the Court's ruling on Consumer Nsight's motion to dismiss. Plaintiff also anticipates additional discovery. Plaintiff deposed Allied First's 30(b)(6) witness on October 9, 2024. On December 26, 2024, Allied First withdrew Carmen H. Thomas as counsel and entered the appearance of Kevin P. Polansky. The substitution of Mr. Polansky for Mrs. Thomas caused a slight delay in the scheduling of depositions for both Plaintiff and Iconic Results.

By signing this Joint Status Report, Consumer Nsight does not waive any of its arguments for dismissal of Allied First's third-party complaint, including, but not limited to, that the Court does not have personal jurisdiction over Consumer Nsight and that Consumer Nsight was not properly and timely served with Allied First's third-party complaint.

| | |
|---|---|
| By: */s/ Anthony I. Paronich*<br>Anthony I. Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>Tel: (617) 485-0018<br>Email: anthony@paronichlaw.com<br><br>*Attorneys for Plaintiff Samuel Katz*<br><br>By: */s/ Andrew D. LeMar*<br>Andrew D. LeMar<br>Burke, Warren, MacKay & Serritella, P.C.<br>330 North Wabash Avenue, Suite 2100<br>Chicago, Illinois 60611<br>Tel: (312) 840-7000<br>Email: alemar@burkelaw.com<br><br>*Attorneys for Third-Party Defendant Consumer Nsight, LLC* | By: *s/ Nathan E. Hoffman*<br>Nathan E. Hoffman<br>Nelson Mullins Riley & Scarborough, LLP<br>1222 Demonbreun Street, Suite 1700<br>Nashville, Tennessee 37203<br>Tel: (615) 664-5300<br>Email: nathan.hoffman@nelsonmullins.com<br><br>123 N. Wacker Drive, 21st Floor<br>Chicago, IL 60606<br>Tel: (312) 205-7950<br><br>Kevin P. Polansky<br>*Pro Hac Vice Pending*<br>Nelson Mullins Riley & Scarborough, LLP<br>One Financial Center, Suite 3500<br>Boston, Massachusetts 02111<br>Tel: (617) 217-4720<br>Email: kevin.polansky@nelsonmullins.com<br><br>Alan Kaufman<br>*Pro Hac Vice Pending*<br>Nelson Mullins Riley & Scarborough, LLP<br>330 Madison Avenue, 27th Floor<br>New York, NY 10017<br>Tel: (212) 413-9000<br>Email: alan.kaufman@nelsonmullins.com<br><br>*Attorneys for Defendant Allied First Bank, SB* |