**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:22-cv-05277<br>) |
| v. | ) Judge Robert W. Gettleman<br>) Magistrate Judge Maria Valdez |
| ALLIED FIRST BANK, SB, | )<br>) |
| Defendant. | )<br>)<br>) |
| ALLIED FIRST BANK, SB | )<br>) |
| Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| CONSUMER NSIGHT LLC, | )<br>) |
| Third-Party Defendant. | ) |

**THIRD-PARTY DEFENDANT CONSUMER NSIGHT LLC'S MOTION TO STAY DISCOVERY AS TO CONSUMER NSIGHT PENDING RULING ON CONSUMER NSIGHT'S MOTION TO DISMISS THIRD-PARTY COMPLAINT**

Pursuant to Fed. R. Civ. P. 26(c)(1), third-party defendant Consumer Nsight LLC ("Defendant" or "Consumer Nsight"), by and through its undersigned counsel, hereby moves to stay any further discovery as to Consumer Nsight until after the Court rules on Consumer Nsight's Motion to Dismiss Allied First Bank, SB's Third Party Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) (the "Motion to Dismiss"). (Dkt. No. 95). In support of this motion, Consumer Nsight states as follows:

**INTRODUCTION**

This Court should stay any discovery to or from Consumer Nsight before the Court rules on Consumer Nsight's Motion to Dismiss – which seeks to dismiss the Third Party Complaint filed

1

by defendant/third-party plaintiff Allied First Bank, SB ("Allied First") for lack of personal jurisdiction, failure to state a claim upon which relief can be granted, insufficient service of process, and lack of subject matter jurisdiction. (*See* Dkt. Nos. 95-96.) If the Motion to Dismiss is granted, all claims against Consumer Nsight would be disposed, and Consumer Nsight would no longer be a party to this case. While staying discovery pending the outcome of a potentially dispositive motion is commonplace, it is especially appropriate in circumstances such as this when a party raises a dispositive threshold issue, such as a jurisdictional challenge. *Alexander v. Take-Two Interactive Software, Inc.,* No. 3:18-CV-966-SMY-MAB, 2019 WL 2176321, at *1 (S.D. Ill. May 20, 2019) (granting defendants' request to stay discovery pending the resolution of their motions to dismiss for lack of personal jurisdiction). As discussed in further detail below, the Court should stay all discovery as to Consumer Nsight pending resolution of its Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 27, 2022, Plaintiff filed his original complaint in this action, naming Allied First as the only defendant. (Dkt. No. 1.) On July 1, 2023, Plaintiff filed a First Amended Complaint ("FAC"), adding Consumer Nsight as a defendant. (Dkt. No. 26.) In the FAC, Plaintiff brings one claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (*See id*.) Consumer Nsight moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that this Court lacks personal jurisdiction over it. (Dkt. No. 35). Consumer Nsight ultimately settled Plaintiff's claims against it and, pursuant to the Stipulation of Dismissal entered by Plaintiff and Consumer Nsight on April 26, 2024 (Dkt. No. 63) and the subsequent order dismissing Consumer Nsight entered on April 29, 2024 (Dkt. No. 64), Plaintiff's claims against Consumer Nsight were dismissed with prejudice.

2

On May 23, 2024, Allied First moved for leave to amend its answer to the FAC and to file the Third Party Complaint (hereinafter, "TPC") (Dkt. No. 70). The Court granted Allied First's request to amend its Answer and file the TPC against Consumer Nsight and, on August 5, 2024, Allied First filed its Amended Answer and Affirmative Defenses to the FAC and TPC (Dkt. No. 79). In the TPC, Allied First purports to bring claims against Consumer Nsight for breach of contract, breach of implied contract (in the alternative), and indemnification. (*See generally* TPC.) On October 25, 2024, Consumer Nsight filed its Motion to Dismiss the TPC and supporting Memorandum, in which Consumer Nsight argued: (1) the Court should dismiss the TPC pursuant to Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction over Consumer Nsight, as Consumer Nsight has not contacts with Illinois (Dkt. No. 96 at 6-10); (2) the Court should dismiss the TPC pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process because Allied First purported to serve Consumer Nsight with the TPC and a summons by certified mail (*id*. at 4-6); (3) the Court should dismiss the TPC pursuant to Fed. R. Civ. P. 12(b)(6) because Allied First's claims for indemnity are not available under the TCPA and the TPC does not allege facts to state a claim for breach of contract (express or implied) or indemnification (*id*. at 10-21); and (4) alternatively, the Court should dismiss the TPC pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Allied First either seeks indemnification under the TCPA (a claim that it cannot assert) or asserts independent claims under state law over which this Court does not have supplemental jurisdiction (*id*. at 21-23). On December 6, 2024, Allied First filed its opposition to the Motion to Dismiss (Dkt. No. 103), and on December 20, 2024, Consumer Nsight filed its reply in support of the Motion to Dismiss (Dkt. No. 104). Thus, the Motion to Dismiss is fully briefed, and the parties are awaiting a ruling on the motion.

On January 15, 2025, the parties filed a Joint Status Report regarding discovery. (Dkt. No. 107.) In the Joint Status Report, Allied First indicated that it would be seeking to issue written discovery to Consumer Nsight, and Consumer Nsight noted its "position that any discovery as to Consumer Nsight should be stayed pending the Court's ruling on Consumer Nsight's motion to dismiss." (*Id*. at 2.) On January 24, 2025, the Court entered an order extending the fact discovery deadline to March 31, 2025. (Dkt. No. 111.) In that order, the Court also stated, "Aside from the pendency of Third-Party Defendant Consumer Nsight's Motion to Dismiss [95], Consumer Nsight has not shown good cause as to why its request that discovery be stayed as to it should be granted. See, e.g., Deato Huang v. Gelab Cosmetics LLC, 2023 U.S. Dist. LEXIS 77066, *6 (N.D. Ill. May 3, 2023)." (Dkt. No. 111.)

On February 28, 2025, Allied First served its first set of Interrogatories and Requests for Production of Documents on Consumer Nsight. (Exs. 1-2.) That same day, Allied First also served Consumer Nsight with a Notice of Deposition scheduling Consumer Nsight's Rule 30(b)(6) witness's deposition for March 28, 2025. (Ex. 3.)

On March 4, 2025 at approximately 10:30 a.m. Central Time, the undersigned counsel conferred with Allied First's counsel, Kevin Polansky, via videoconference, in a good faith effort to resolve the issues presented in this Motion without court action pursuant to Fed. R. Civ. P. 26(c)(1) and N.D. Ill. L.R. 37.2. The undersigned counsel requested that Allied First agree to stay any discovery to or from Consumer Nsight in this action until the Court rules on the Motion to Dismiss. Allied First would not agree to stay discovery pending the Court's ruling on the Motion to Dismiss. During the call, the undersigned counsel also noted that he will be out of the country for his children's spring break

from March 25, 2025 through April 1, 2025, and therefore, he will not be available on March 28, 2025, which is the date on which Allied First set Consumer Nsight's Rule 30(b)(6) deposition. (*See* Ex. 3.)

## **STANDARD**

"District courts have extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Inc.*, 737 F.3d 1107, 1115 (7th Cir. 2013) (citation and quotation marks omitted). *See also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). In this vein, district courts have the inherent power to control their own dockets, including the power to stay proceedings before them. *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) (recognizing a district court's power to stay proceedings to avoid unnecessary litigation). In accordance with Rules 26(c) and (d), a court may limit the scope of discovery or control its sequence in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1), (d); *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998).

Such a motion will be granted "for good cause" and after the moving party has certified to the court that it "has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute." Fed. R. Civ. P. 26(c)(1); N.D. Ill. L.R. 37.2. "When deciding whether to grant a stay, a court should balance the competing interests of the parties and the interest of the judicial system by considering the following three factors: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Sterigenics United States v. Kim*, No. 19 C 1219, 2019 U.S. Dist. LEXIS 233921, at *7 (N.D. Ill. Mar. 8, 2019) (citation and quotation marks omitted). The determination of "[w]hen and how to stay proceedings is within the sound discretion of the trial court." *Alexander,* 2019 WL 2176321, at *1.

5

## **ARGUMENT**

Here, all three factors weigh in favor of staying any further discovery to or from Consumer Nsight pending the Court's ruling on the Motion to Dismiss.

*First*, a stay will simplify the issues in question and streamline the trial. Stays of discovery are granted with substantial frequency. *In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 331, 336 (N.D. Ill. 2005) (citing several cases). "Stays are often deemed appropriate where the motion to dismiss can resolve the case—at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity." *Id.* (internal citations omitted). To this end, challenges to personal jurisdiction are critical threshold issues, and without personal jurisdiction, a copy is powerless to proceed to an adjudication. *Alexander v. Take-Two Interactive Software, Inc.*, No. 3:18-CV-966-SMY-MAB, 2019 WL 2176321, at *2 (S.D. Ill. May 20, 2019) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999)). Indeed, a "court must have personal jurisdiction to order compliance with a discovery request." *Id.* (quoting *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 745 (N.D. Ill. 2016)). Stays are also appropriate when motions to dismiss assert a failure to state a claim upon which relief can be granted. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 336 & n.6 ("Numerous cases in this circuit have allowed stays in the face of a Rule 12(b)(6) challenge.") (collecting cases); *see also Bilal v. Wolf*, 2007 WL 1687253, at *1 & n.3 (N.D. Ill. June 6, 2007) (citations omitted) ("Stays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case . . . .") (collecting cases).

Here, if the Motion to Dismiss is granted, all of Allied First's claims against Consumer Nsight would be disposed of, and Consumer Nsight would be dismissed from the case entirely. This would significantly narrow the legal and factual issues in this case. There is little benefit to either side pursuing discovery before the Court determines whether Consumer Nsight is properly before the Court. Instead,

6

proceeding with discovery only risks unnecessary, costly, and burdensome discovery, particularly in light of the jurisdictional issues presented in Consumer Nsight's Motion to Dismiss. If Consumer Nsight is dismissed, there would be no discovery as to Allied First's third-party claims, and Consumer Nsight would not be forced to issue and complete its own discovery in defending against Allied First's third-party claims. Furthermore, Consumer Nsight is not requesting that *all* discovery be stayed – only discovery to or from Consumer Nsight. Plaintiff and Allied First are still free to pursue discovery from each other or third parties. Therefore, a stay of discovery pending a ruling on the Motion to Dismiss would simplify the issues in this case and narrow the scope of discovery thereby streamlining the trial, and the first factor weighs in favor of staying discovery as to Allied First.

***Second***, a stay will reduce the burden of litigation on the parties and on the Court. "[A] defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 802-03 (7th Cir. 2008). As explained by the Seventh Circuit, the Supreme Court's decisions in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), are "designed to spare defendants the expense of responding to bulky, burdensome discovery." *See In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625-26 (7th Cir. 2010).

"Post *Iqbal*, the policy against burdensome discovery in complex cases during the pendency of a motion to dismiss holds fast . . . . If the complex case is one susceptible to the burdensome and costly discovery contemplated by [*Twombly*] and *Iqbal*, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed." *Coss v. Playtex Prods.*, LLC, No. 08 C 50222, 2009 WL 1455358, at *3 (N.D. Ill. May 21, 2009) (citations omitted). Thus, a stay of discovery would promote judicial economy because "[w]aiting to first

7

determine whether the Court has jurisdiction over these Defendants will avoid the dedication of time, money, and resources toward merits-based discovery if jurisdiction is ultimately lacking." *Alexander*, 2019 WL 2176321, at *2 (citation omitted).

Here, if discovery is allowed to continue despite Consumer Nsight's pending Motion to Dismiss, Consumer Nsight would be forced to expend time and expense to respond to Allied First's discovery and prepare for and defend its Rule 30(b)(6) deposition. Allied first propounded 20 interrogatories and 29 requests for production of documents on Consumer Nsight. (*See* Exs. 1-2.) In addition, in its deposition notice to Consumer Nsight, Allied First not only seeks to depose Consumer Nsight on 14 different topics, but Allied First also purports to require Consumer Nsight to produce at the deposition documents responsive to an additional 14 document requests. (*See* Ex. 3.) Furthermore, if discovery as to Consumer Nsight is allowed to continue during the pendency of the Motion to Dismiss, Consumer Nsight would also be forced to participate in litigation in a jurisdiction where it does not otherwise do any business. Consumer Nsight would also be forced to expend both time and expense to serve discovery on Allied First, as well as, other parties and third parties, and those parties and third parties would be, in turn, forced to expend time and expense responding to potentially pointless and wasteful discovery. Similarly, all parties, not just Consumer Nsight, would have to spend both time and money to participate in Consumer Nsight's 30(b)(6) witness's deposition, perhaps unnecessarily. All of the parties to this action risk wasting time and resources if discovery with respect to Consumer Nsight is not stayed. Protections to "preserve the parties' resources" is an appropriate ground to stay discovery. *Garrick v. Moody Bible Inst.*, No. 18 CV 573, 2021 U.S. Dist. LEXIS 214482, at **11-12 (N.D. Ill. Nov. 5, 2021). Therefore, the second factor weighs in favor of staying discovery as to Consumer Nsight pending the Court's ruling on the Motion to Dismiss.

***Third*,** a stay will not unduly prejudice or tactically disadvantage Allied First or Plaintiff. First, there is no risk that Allied First would be unable to obtain discovery in the future should the Court grant the Motion to Dismiss, particularly since there is no concern that any testimony must be preserved because of the ill health of a witness or party. *Dsm Desotech Inc. v. 3D Systems Corp.,* 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008) ("Absent circumstances presenting a compelling need for prompt discovery . . . the court finds that the principles underlying *Twombly* counsel in favor of granting defendants' motion to stay"). To the contrary, if the Motion to Dismiss was granted, Allied First can seek relevant information from Consumer Nsight via subpoena. On the other hand, Consumer Nsight would be prejudiced because there are more discovery-related protections for third-party subpoena respondents than for parties to a case. *E.g.*, *Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 U.S. Dist. LEXIS 177809, at *7 (N.D. Ill. Dec. 14, 2012) ("[N]on-parties[] are entitled to greater protection in the discovery process than parties in the litigation.") (citation omitted). Also, Consumer Nsight already responded to Plaintiffs' jurisdictional discovery requests, some of which contain information and references to documents that Allied First appears to seek through its discovery requests to Consumer Nsight. (Ex. 4.) Also, a stay of discovery as to Consumer Nsight will not prejudice Plaintiff because Plaintiff's claims against Consumer Nsight were dismissed with prejudice (Dkt. Nos. 63-64), and Plaintiff has not otherwise sought any discovery from Consumer Nsight.

Second, given that Allied First and Plaintiff are at issue as to Plaintiff's claim against Allied First, and neither Plaintiff nor Allied First seek any provisional relief (such as a preliminary injunction), a delay in commencing discovery would not harm any party's potential ability to obtain the ultimate relief they seek. *See DSM Desotech Inc. v. 3D Sys. Corp.,* 2008 WL 4812440, at *3. In this vein, the parties have fully briefed the Motion to Dismiss, and Plaintiff did not argue in its Response to the

9

Motion to Dismiss that additional discovery was needed to respond to the Motion to Dismiss. *See Duneland Dialysis LLC v. Anthem Ins. Cos., Inc.,* No. 409-CV-36-RLM-PRC, 2010 WL 1418392, at *3 (N.D. Ind. Apr. 6, 2010) ("Because Plaintiffs have fully responded to the Motion to Dismiss, additional discovery is unlikely to produce facts necessary to defeat the motion.") (citation omitted).

Finally, Counsel for Consumer Nsight is going to be out of the country March 25, 2025 through April 1, 2025 and thus, would be unable to attend the Rule 30(b)(6) deposition of Consumer Nsight noticed by Allied First. This would, of course, be incredibly prejudicial to Consumer Nsight. In sum, the third factor weighs in favor of staying discovery as to Consumer Nsight pending the Court's ruling on the Motion to Dismiss.

Consumer Nsight notes the Court's January 24, 2025 Minute Entry (Dkt. No. 111), in which the Court declined to stay discovery at that time, citing to *Huang v. Gelab Cosmetics LLC*, No. 22 C 2928, 2023 U.S. Dist. LEXIS 77066, at *6 (N.D. Ill. May 3, 2023). Consumer Nsight did not intend for its statement in the Joint Status Report – that it believes discovery as to Consumer Nsight should be stayed pending a ruling on the Motion to Dismiss (Dkt. No. 107 at 2) – to be a full argument on the merits of a stay of discovery as to Consumer Night, but rather, it was merely a statement to alert the Court of its position.

Regardless, *Huang* is distinguishable. Here, unlike in *Huang*, Consumer Nsight is only asking that discovery to or from Consumer Nsight be stayed, as opposed to requesting a stay of discovery between all parties and third parties. Furthermore, any discovery that might be sought from or by Consumer Nsight would not be relevant to Plaintiff's claim against Allied First or Allied First's defenses to Plaintiff's claim. Allied First purports to bring claims for breach of contract and indemnification against Consumer Nsight, while Plaintiff's claim against Allied First is brought under

10

the TCPA. Moreover, unlike in *Huang*, where the Court denied the movant's request to stay discovery in part because no discovery had been issued in the case, *Huang*, 2023 U.S. Dist. LEXIS 77066, at *6-7, here, extensive discovery requests and a deposition notice have been issued to Consumer Nsight. (*See* Exs. 1-3.)

Like in *Huang*, any requirement that Consumer Nsight serve its own discovery pending resolution of its Motion to Dismiss should be stayed. *See Huang*, 2023 U.S. Dist. LEXIS 77066, at *8. If Consumer Nsight's Motion is granted, it will no longer be a party to this case and will have no obligation to serve any discovery to defend itself. Staying Consumer Nsight's obligation to serve discovery of its own will not delay the process of the case between Allied First and Plaintiff. *See id*.

Put simply, when balancing the competing interests of the parties and the interest of the judicial system, the facts and circumstances at issue here favor a stay of discovery to and from Consumer Nsight while its Motion to Dismiss is pending.

WHEREFORE, third-party defendant Consumer Nsight, LLC respectfully requests that this Court enter an order staying any and all written and oral discovery to or from Consumer Nsight pending the Court's ruling on Consumer Nsight's Motion to Dismiss and granting all other relief the Court deems just and appropriate.

Dated: March 10, 2025            Respectfully submitted,

                                   **CONSUMER NSIGHT LLC**

                    By:     /s/ Andrew D. LeMar
                                   One of Its Attorneys

                                   Andrew D. LeMar
                                   Burke, Warren, MacKay & Serritella, P.C.
                                   330 North Wabash Avenue, Suite 2100
                                   Chicago, Illinois 60611-3607
                                   Telephone: (312) 840-7000
                                   Facsimile: (312) 840-7900
                                   alemar@burkelaw.com

**CERTIFICATE OF SERVICE**

On March 10, 2025, the undersigned caused the foregoing Third-Party Defendant Consumer Nsight LLC's Motion to Stay Discovery as to Consumer Nsight Pending Ruling on Consumer Nsight's Motion to Dismiss Third-Party Complaint, to be filed electronically with the Northern District of Illinois, and served upon all parties registered to receive notice via the Court's CM/ECF system.

                                              /s/ Andrew D. LeMar
                                              Andrew D. LeMar

4904-7067-6005, v. 2