# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

SAMUEL KATZ, individually and on behalf of
all others similarly situated,

          Plaintiff,

v.

ALLIED FIRST BANK, SB and
CONSUMER NSIGHT LLC

          Defendants.

_____/

Case No. 1:22-cv-5277

**INTERROGATORIES TO THIRD
PARTY DEFENDANT
CONSUMER NSIGHT LLC**

ALLIED FIRST BANK, SB

          Third Party Plaintiff,

v.

CONSUMER NSIGHT LLC

          Third Party Defendant.

**TO:   CONSUMER NSIGHT LLC, THIRD-PARTY DEFENDANT**

     Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Defendant

Allied First Bank, SB ("Allied First"), now known as Servbank, S.B., by and through its

undersigned counsel, hereby serves the following First Set of Interrogatories ("Interrogatories")

upon the Third-Party Defendant, Consumer Nsight LLC ("Consumer Nsight"), to be answered in

writing within thirty (30) days from the date of service hereof.

## <u>INSTRUCTIONS</u>

     1.    These instructions and definitions should be construed to require answers based

upon the knowledge of, and information available to, the responding party as well as its agents,

representatives, and, unless privileged, attorneys. It is intended that the following discovery

requests will not solicit any material protected either by the attorney/client privilege or work

product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

2.      These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3.      No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4.      In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

    A. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.

    B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

        1) For oral communications:

            a. the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person

2

making the communication;

  b. the date and place of the communication; and

  c. the general subject matter of the communication.

 2) For documents:

  a. the type of document,

  b. the general subject matter of the document,

  c. the date of the document, and

  d. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6. If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

7. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other

genders.

8.      Where the name or identity of a person is requested, please state the person's full name, address and telephone number. Where the name or identification of a document is requested, please state the date, the writer or sender, the recipient, the title (if any), and identify who has custody thereof. Where You are requested to describe or to explain something, please state all relevant circumstances, including identification of persons and dates.

9.      "Provide the complete factual basis" means to describe in detail all of the facts and events relating to the contention or response, including the identity of all persons having knowledge relevant to the contention or response, a description of the relevant knowledge possessed by each such person and the identity of all documents relating to the response.

10.     "State in detail" and "describe with specificity" mean to completely set forth, in as much detail as You are able, all knowledge and information in Your possession, care, custody, or control that is responsive to the matter inquired about in an Interrogatory.

11.     If any Interrogatory requires You identify (or produce) any document or thing no longer in Your custody or control, identify the document, state whether it is missing, lost, destroyed, transferred to others or otherwise disposed of, and identify any person who currently has custody or control of the document or who has knowledge of the contents of the document.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      *Communication*: The term "communication" means the transmittal of information by any means.

2.      *Concerning*: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3.      *Document*: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing." Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4.      *Identify (with respect to persons):* When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5.      *Identify (with respect to documents):* When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

6.      *Relate to, Relating to, and/or Related to:* When referring to documents "Relate to," "Relating to," and/or "Related to" mean including or in any way, directly or indirectly, concerning, referring, relating to, considering, underlying, modifying, amending, confirming,

producing, evidencing, representing, reflecting, supporting, qualifying, containing, comprising, or discussing.

7.      *Give a Full and complete account*" means to state all facts and identify all documents relating to the matter in question.

8.      *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint, Third-Party Complaint, and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

9.      *You/Your:* The terms "You," or "Your" shall mean Consumer Nsight LLC, and any agent, employee, representative, or other person or entity acting for it or on its behalf.

10.     *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

11.     *Parties:* The term "Plaintiff" shall mean Samuel Katz, and any agent, employee, representative, or other person or entity acting for him or on his behalf. "Defendant" shall mean Defendant Allied First Bank, SB ("Allied First"), and any agent, employee, representative, or other person or entity acting for it or on its behalf. The term "Third-Party Defendant" shall mean Consumer Nsight LLC ("Consumer Nsight") and any agent, employee, representative, or other person or entity acting for it on its behalf. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

12.     *Complaint*: The term "Complaint" shall mean Plaintiff Samuel Katz's Complaint filed in this action on or about September 27, 2022, as well as any amendment thereof or supplement thereto.

13.     *Third-Party Complaint*: The term "Third-Party Complaint" shall mean Defendant

Allied First's Third-Party Complaint filed in this action on or about August 5, 2024, as well as any amendment thereof or supplement thereto.

14.     *Iconic Results*: The term "Iconic Results" shall mean "Iconic Results, LLC" and any agent, employee, representative, or other person or entity acting for it or on its behalf.

## INTERROGATORIES

**INTERROGATORY NO. 1:**      Give a full and complete account of your corporate status, including the full legal name of the entity responding to these Interrogatories (including any previous names), the addresses of your principal place of business and any other locations where you do business, the state(s) in which you are registered to do business, and the date of your inception.

**INTERROGATORY NO. 2:**      Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person.

**INTERROGATORY NO. 3:**      Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each such opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions.

**INTERROGATORY NO. 4:**      If you intend to rely upon any documents, electronically stored information, or tangible things to support a position that you have taken or intend to take in the action, provide a brief description, by category and location, of all such documents, electronically stored information, and tangible things, and identify all persons having possession, custody, or control of them.

**INTERROGATORY NO. 5:**      If you contend that Allied First, individually or through any alleged agents, servants, or employees, made any oral statements which constitute an admission with reference to any of the issues raised in this case, give a full and complete account of each such statement, including but not limited to the date, time, and place of each such statement and the names, occupations, and contact information for each person who heard, made or otherwise has personal knowledge of each such statement.

**INTERROGATORY NO. 6:**      If you entered into any settlement, compromise, waiver or release related to the Occurrence, give a full and complete account of each such settlement, compromise, waiver or release, including in your answer: (1) the identity of each

person with whom you have reached such settlement, compromise, waiver or release; (2) the date thereof; (3) a description of the consideration you gave (including, but not limited to, the amount(s) of all monetary consideration); (4) a description of the substance of each such settlement, compromise, waiver or release; (5) the identity of any and all persons with knowledge of each such settlement, compromise, waiver or release; and (6) the identity of all documents that relate to each such settlement, compromise, waiver or release.

**INTERROGATORY NO. 7:** State the name, address and telephone number of any and all persons known to you, and not previously named in your answers to these interrogatories, who have personal knowledge of facts relevant to the Occurrence and, as to each such person, give a full and complete account of his or her knowledge.

**INTERROGATORY NO. 8:** Give a full and complete account of your ownership and/or maintenance of the web site "www.lenderconsultant.com", including in your answer: (1) the date on which the web site was created; (2) the custodian of the web site; (3) the purpose of the web site; and (4) the data collected by the website.

**INTERROGATORY NO. 9:** Give a full and complete account of any and all communications, interactions, and/or contact you had with Allied First related to the acts which gave rise to the Occurrence, including in your answer: (1) the date(s) of each conversation; (2) the identity of the individual(s) with whom you spoke; (3) the substance of the communication; and (4) all actions, if any, you took as a result of that communication.

**INTERROGATORY NO. 10:** Give a full and complete account of any and all communications, interactions, and/or contact you had with Iconic Results related to the acts which gave rise to the Occurrence, including in your answer: (1) the date(s) of each conversation; (2) the identity of the individual(s) with whom you spoke; (3) the substance of the communication; and (4) all actions, if any, you took as a result of that communication.

**INTERROGATORY NO. 11:** Give a full and complete account of any and all communications, interactions, and/or contact you had with Plaintiff related to the acts which gave rise to the Occurrence, including in your answer: (1) the date(s) of each conversation; (2) the identity of the individual(s) with whom you spoke; (3) the substance of the communication; and (4) all actions, if any, you took as a result of that communication.

**INTERROGATORY NO. 12:** Do you contend that Allied First directed, managed, or controlled the means by which Consumer Nsight generated leads for Allied First? If so, state the basis for your contention.

**INTERROGATORY NO. 13:** Do you contend that Allied First was aware of the means by which Consumer Nsight generated leads for Allied First? If so, state the basis for your contention.

**INTERROGATORY NO. 14:** Do you contend that Allied First was aware that Iconic Results made calls to Plaintiff on Consumer Nsight's behalf? If so, state the basis for your contention.

**INTERROGATORY NO. 15:**     If you contend that you did not retain Iconic Results to have calls transferred to Allied First based on leads obtained by Consumer Nsight, give a full and complete account of all details which form the basis of such contention.

**INTERROGATORY NO. 16:**     If you contend that Consumer Nsight did not provide instructions and/or directions to Iconic Results regarding calls made to individuals based on leads provided by Consumer Nsight, give a full and complete account of all details which form the basis of such contention.

**INTERROGATORY NO. 17:**     If you contend that Consumer Nsight did not provide parameters to Iconic Results for the prescreened refinanced live transfers to Allied First, give a full and complete account of all details which form the basis of such contention.

**INTERROGATORY NO. 18:**     If you contend that Consumer Nsight did not instruct Iconic Results on how to obtain information from the person called and decide who would receive the transfer based on the person's answers to questions, give a full and complete account of all details which form the basis of such contention.

**INTERROGATORY NO. 19:**     Give a full and compete account of all facts, documents, witnesses, and evidence that you contend support your affirmative defenses as plead in your Answer to the Third-Party Complaint.

**INTERROGATORY NO. 20:**     If you contend that a person not a party to this action acted in such a manner as to cause or contribute to the damages alleged in the Third-Party Complaint, identify that person and give a full and complete account of the facts upon which you rely for that contention.

9

Respectfully submitted,

By: *s/ Nathan E. Hoffman*
Nathan E. Hoffman
Nelson Mullins Riley & Scarborough, LLP
One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, Tennessee 37219
Tel: (615) 664-5300
Email: nathan.hoffman@nelsonmullins.com

P.O. Box 641040
Chicago, IL 60664
Tel: (312) 205-7950

Kevin P. Polansky
*Pro Hac Vice Pending*
Nelson Mullins Riley & Scarborough, LLP
One Financial Center, Suite 3500
Boston, Massachusetts 02111
Tel: (617) 217-4720
Email: kevin.polansky@nelsonmullins.com

Alan Kaufman
*Pro Hac Vice Pending*
Nelson Mullins Riley & Scarborough, LLP
330 Madison Avenue, 27th Floor
New York, NY 10017
Tel: (212) 413-9000
Email: alan.kaufman@nelsonmullins.com

*Attorneys for Defendant Allied First Bank, SB*

Dated: February 28, 2025

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 28th day of February 2025, a copy of the foregoing was served on all counsel of record and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Illinois.

/s/ *Nathan E. Hoffman*

Nathan E. Hoffman
