# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-5277 |
| Plaintiff, | |
| v. | **REQUESTS FOR PRODUCTION OF DOCUMENTS TO THIRD PARTY DEFENDANT CONSUMER NSIGHT LLC** |
| ALLIED FIRST BANK, SB and CONSUMER NSIGHT LLC | |
| Defendants. _____/ | |

ALLIED FIRST BANK, SB

    Third Party Plaintiff,

v.

CONSUMER NSIGHT LLC

    Third Party Defendant.

**TO:**    **CONSUMER NSIGHT LLC, THIRD-PARTY DEFENDANT**

    Pursuant to Fed. R. Civ. P. 34, Defendant Allied First Bank, SB ("Allied First"), now known as Servbank, S.B., by and through its undersigned counsel, hereby serves the following First Set of Requests for Production of Documents upon the Third-Party Defendant ("Requests"), Consumer Nsight LLC ("Consumer Nsight"), to be answered in writing within thirty (30) days from the date of service hereof.

### INSTRUCTIONS

    1.    If, in responding to these Requests, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

    2.    Whenever in these Requests you are asked to identify or produce a document which

is deemed by you to be properly withheld from production for inspection or copying:

    A. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

    B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in paragraph 2.A, above, please state the reason for withholding the document.

    3. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. It is intended that these Requests will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

5. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1. *Communication*: The term "communication" means the transmittal of information by any means.

2. *Concerning*: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3. *Document*: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing." Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those

terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4. *Identify (with respect to persons):* When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5. *Identify (with respect to documents):* When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

6. *Relate to, Relating to, and/or Related to:* When referring to documents "Relate to," "Relating to," and/or "Related to" mean including or in any way, directly or indirectly, concerning, referring, relating to, considering, underlying, modifying, amending, confirming, producing, evidencing, representing, reflecting, supporting, qualifying, containing, comprising, or discussing.

7. *Give a Full and complete account"* means to state all facts and identify all documents relating to the matter in question.

8. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint, Third-Party Complaint, and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

9. *You/Your:* The terms "You," or "Your" shall mean Consumer Nsight LLC, and any agent, employee, representative, or other person or entity acting for it or on its behalf.

4

10. *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

11. *Parties:* The term "Plaintiff" shall mean Samuel Katz, and any agent, employee, representative, or other person or entity acting for him or on his behalf. "Defendant" shall mean Defendant Allied First Bank, SB ("Allied First"), and any agent, employee, representative, or other person or entity acting for it or on its behalf. The term "Third-Party Defendant" shall mean Consumer Nsight LLC ("Consumer Nsight") and any agent, employee, representative, or other person or entity acting for it on its behalf. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

12. *Complaint*: The term "Complaint" shall mean Plaintiff Samuel Katz's Complaint filed in this action on or about September 27, 2022, as well as any amendment thereof or supplement thereto.

13. *Third-Party Complaint*: The term "Third-Party Complaint" shall mean Defendant Allied First's Third-Party Complaint filed in this action on or about August 5, 2024, as well as any amendment thereof or supplement thereto.

14. *Iconic Results*: The term "Iconic Results" shall mean "Iconic Results, LLC" and any agent, employee, representative, or other person or entity acting for it or on its behalf.

15. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

16. If the requested documents are maintained in a file, the file folder is included in the

5

request for production of those documents.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents identified in your Answers to Allied First's First Set of Interrogatories.

**REQUEST NO. 2:** All documents that you have provided or will provide to any individual whom you expect to call as an expert witness at trial.

**REQUEST NO. 3:** All written reports of any individual whom you expect to call as an expert witness at trial.

**REQUEST NO. 4:** The most recent resume or *curriculum vitae* of any individual whom you expect to call as an expert witness at trial.

**REQUEST NO. 5:** Each publication or paper that was written or worked on by each witness that you intend to call as an expert at trial which refers or relates to the opinions and subjects on which the witness is expected to testify.

**REQUEST NO. 6:** Each publication, paper, treatise, code, or guideline that each witness whom you intend to call as an expert at trial intends to rely upon or use in support of said expert's opinion.

**REQUEST NO. 7:** All communications between you and any person referring or relating to the alleged facts, events, and/or allegations described in the Complaint and Third-Party Complaint.

**REQUEST NO. 8:** All documents relating to declarations or admissions against interest that you contend were made by any party to this lawsuit, or his/her/its agents, employees, or representatives.

**REQUEST NO. 9:** All insurance policies pursuant to which any person or entity might be liable to satisfy all or part of a judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**REQUEST NO. 10:** All statements that you or anyone acting on your behalf has obtained in any form from any person regarding the facts, events, circumstances or subject matter of the Complaint and Third-Party Complaint.

**REQUEST NO. 11:** All documents that you obtained from any party to this lawsuit other than Allied First.

**REQUEST NO. 12:** All documents which you intend to offer against Allied First at trial.

**REQUEST NO. 13:** All documents related to this case which you obtained through a subpoena and/or public information act request.

**REQUEST NO. 14:** Any and all agreements with Allied First relating to the allegations set forth in the Complaint and Third-Party Complaint.

**REQUEST NO. 15:** Any and all agreements with Iconic Results relating to the allegations set forth in the Complaint and the Third-Party Complaint.

**REQUEST NO. 16:** All documents and/or communications with Allied First as they relate to the allegations set forth in the Complaint and Third-Party Complaint.

**REQUEST NO. 17:** All documents and/or communications with Iconic Results as they relate to the allegations set forth in the Complaint and Third-Party Complaint.

**REQUEST NO. 18:** Copies of any and all documents referring or relating to the allegations contained in the Complaint and Third-Party Complaint including, but not limited to, any contemporaneous notes, calendars, narratives of events, or diaries prepared by you or any individual with personal knowledge of the events concerning the allegations herein.

**REQUEST NO. 19:** All documents referring or relating to Allied First.

**REQUEST NO. 20:** All documents referring or relating to the Iconic Results.

**REQUEST NO. 21:** All documents referring or relating to Plaintiff Samuel Katz.

**REQUEST NO. 22:** All communications between you and Plaintiff Samuel Katz referring or relating to the allegations contained in the Complaint and Third-Party Complaint.

**REQUEST NO. 23:** Do you contend that Allied First directed, managed, or controlled the means by which Consumer Nsight generated leads for Allied First? If so, any and all documents which support your contention.

**REQUEST NO. 24:** Do you contend that Allied First was aware of the means by which Consumer Nsight generated leads for Allied First? If so, any and all documents which support your contention.

**REQUEST NO. 25:** Do you contend that Allied First was aware that Iconic Results made calls to Plaintiff on Consumer Nsight's behalf? If so, any and all documents which support your contention.

**REQUEST NO. 26:** If you contend that you did not retain Iconic Results to have calls transferred to Allied First based on leads obtained by Consumer Nsight, any and all documents which support your contention.

7

**REQUEST NO. 27:** If you contend that Consumer Nsight did not provide instructions and/or directions to Iconic Results regarding calls made to individuals based on leads provided by Consumer Nsight, any and all documents which support your contention.

**REQUEST NO. 28:** If you contend that Consumer Nsight did not provide parameters to Iconic Results for the prescreened refinanced live transfers to Allied First, any and all documents which support your contention.

**REQUEST NO. 29:** If you contend that Consumer Nsight did not instruct Iconic Results on how to obtain information from the person called and decide who would receive the transfer based on the person's answers to questions, any and all documents which support your contention.

Respectfully submitted,

By: *s/ Nathan E. Hoffman*
Nathan E. Hoffman
Nelson Mullins Riley & Scarborough, LLP
One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, Tennessee 37219
Tel: (615) 664-5300
Email: nathan.hoffman@nelsonmullins.com

P.O. Box 641040
Chicago, IL 60664
Tel: (312) 205-7950

Kevin P. Polansky
*Pro Hac Vice Pending*
Nelson Mullins Riley & Scarborough, LLP
One Financial Center, Suite 3500
Boston, Massachusetts 02111
Tel: (617) 217-4720
Email: kevin.polansky@nelsonmullins.com

Alan Kaufman
*Pro Hac Vice Pending*
Nelson Mullins Riley & Scarborough, LLP
330 Madison Avenue, 27th Floor
New York, NY 10017
Tel: (212) 413-9000
Email: alan.kaufman@nelsonmullins.com

*Attorneys for Defendant Allied First Bank, SB*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 28th day of February 2025, a copy of the foregoing was served on all counsel of record and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Illinois.

/s/ *Nathan E. Hoffman*
Nathan E. Hoffman
