# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated<br><br>    Plaintiff,<br><br>  v.<br><br>ALLIED FIRST BANK, SB; and CONSUMER NSIGHT LLC,<br><br>    Defendants. | )<br>)<br>)<br>) Case No. 1:22-cv-05277<br>)<br>) Judge Robert W. Gettleman<br>) Magistrate Judge Sunil R. Harjani<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CONSUMER NSIGHT LLC'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY**

  Comes now Defendant, Consumer Nsight LLC ("Defendant" or "Consumer Nsight"), by and through its undersigned counsel, and for its Objections and Responses to Plaintiff's First Set of Discovery, states and asserts the following:

**GENERAL OBJECTIONS**

  1. These answers and responses are made solely for the purposes of this action. Each answer and response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all grounds that would require the exclusion of any statement herein if any interrogatories and/or requests were asked for, or if any statement were made by a witness present or testifying in Court or by an attorney conducting an examination of a witness in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

  2. Consumer Nsight objects to the Instructions in Plaintiff's Interrogatories.

  3. Consumer Nsight objects to Plaintiff's discovery requests to the extent that any one seeks information that is not in Consumer Nsight's possession, custody, or control.

1

4. Consumer Nsight objects to Plaintiff's discovery requests to the extent that any one requests information and/or documents that are subject to attorney-client privilege, that constitute trial preparation materials or work product, or that are otherwise privileged, protected from, and/or not subject to discovery. Nothing contained in these responses is intended or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

5. Consumer Nsight objects to Plaintiff's discovery requests to the extent that any one seeks information and/or documents that are irrelevant, immaterial, and/or not reasonably calculated to lead to discovery of relevant or admissible evidence.

6. Consumer Nsight objects to Plaintiff's discovery requests to the extent that any one seeks information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information.

7. Consumer Nsight objects to Plaintiff's definition of the term "Defendant" as overly broad, not relevant to the claims or defenses of any party properly in this action, and not reasonably calculated to lead to the discovery of admissible evidence because it purports to "include[], without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." Consumer Nsight objects to Plaintiff's definition of the term "You" as overly broad, not relevant to the claims or defenses of any party properly in this action, and not reasonably calculated to lead to the discovery of admissible evidence because it purports to "include[] without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." In responding to these interrogatories and requests, Consumer Nsight will respond on behalf of itself.

2

8. Each and every response below is made subject to the foregoing General Objections, regardless of whether a general or specific objection is stated in the response to a particular discovery request, and Consumer Nsight does not waive any General Objections not referred to in a particular response.

## INTERROGATORIES

1. Identify the amount of Illinois leads that Consumer Nsight or any vendor of yours that generated leads for Allied First during the putative class contacted.

**ANSWER**: Consumer Nsight objects to this interrogatory as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this interrogatory because the terms and phrases "Illinois leads," "any vendor of yours," and "during the putative class" are vague and ambiguous. Consumer Nsight further objects to this interrogatory because it lacks foundation and assumes facts that have not been established. Consumer Nsight further objects to this interrogatory as it is overly broad with respect to the request for all "leads" that were "contacted." Consumer Nsight further objects to the extent this interrogatory seeks information protected by personal rights to privacy. Consumer Nsight further objects to this interrogatory to the extent it seeks information not in Consumer's Nsight's possession, custody, or control. Subject to and without waiving its objections, Consumer Nsight did not generate leads specifically for Allied First Bank, SB ("Allied First"). Data provided to Iconic Results LLC ("Iconic"),

3

the call center that made the calls to the Plaintiff identified in Plaintiff's First Amended Complaint – Class Action filed on July 1, 2023 in this action ("FAC"; Dkt. No. 26), is not earmarked for Allied First or any other client of Consumer Nsight or Iconic.

2. Identify all individuals that worked on or provided information for the declaration you submitted in response to the Plaintiff's Complaint in this matter.

**ANSWER**: Consumer Nsight objects to this interrogatory as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this interrogatory because the phrases "worked on" and "the declaration you submitted in response to the Plaintiff's Complaint in this matter" are vague and ambiguous. Subject to and without waiving its objections, to the extent the phrase "the declaration you submitted in response to the Plaintiff's Complaint in this matter" is intended to refer to the Declaration of Richard Sabatino attached as Exhibit 1 to Consumer Nsight's Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) (Dkt. No. 35-1), Richard Sabatino provided information for the declaration, which was prepared with the assistance of Consumer Nsight's legal counsel.

3. Identify all vendors of yours that worked on the Allied First campaign and identify the material terms of all such agreements.

**ANSWER**: Consumer Nsight objects to this interrogatory as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended

Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this interrogatory because the terms and phrases "all vendors of yours," "the Allied First campaign," and "all such agreements" are vague and ambiguous. Consumer Nsight further objects to this interrogatory because it is an improper compound interrogatory. Consumer Nsight further objects to this interrogatory because it lacks foundation and assumes facts that have not been established. Subject to and without waiving its objections, Consumer Nsight had a relationship with Iconic, which is located in Arizona. Iconic is the call center that made the calls to the Plaintiff identified in the FAC, but calls made by Iconic using data provided by Consumer Nsight are not earmarked for Allied First or any other client of Consumer Nsight or Iconic. Other than Iconic, Consumer Nsight did not engage any vendors to perform any services with respect to Allied First.

4. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER**: Consumer Nsight objects to this interrogatory as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this interrogatory because the phrase "interrogatories in this case" is vague and

5

ambiguous. Consumer Nsight further objects to this interrogatory as overly broad to the extent it seeks information regarding persons who provided information related to any other interrogatories served in this matter aside from those served on Consumer Nsight by Plaintiff. Consumer Nsight further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of Plaintiff, Allied First, or third parties. Subject to and without waiving its objections, Richard Sabatino provided information responsive to these interrogatories.

## DOCUMENT REQUESTS

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:** Consumer Nsight objects to this request as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this request because the phrases "documents identified in or used to research or draft responses to interrogatories in this case" and "interrogatories in this case" are vague and ambiguous. Consumer Nsight further objects to this request as overly broad to the extent it seeks "documents identified in or sued to research or draft" responses to interrogatories served by Plaintiff or Allied First in this case. Consumer Nsight further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of Plaintiff, Allied First, or third parties. Subject to and without waiving its objections, Consumer Nsight did not identify any documents in its answers to Plaintiff's

6

interrogatories directed to Consumer Nsight, nor did Consumer Nsight "use[]" any documents in drafting its answers to Plaintiff's interrogatories directed to Consumer Nsight. Therefore, Consumer Nsight does not have any documents responsive to this request.

2. Please produce all contracts with Allied First or any vendor of yours that worked on the Allied First campaign.

**RESPONSE:** Consumer Nsight objects to this request as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this request because the terms and phrases "all contracts," "any vendor of yours," and "the Allied First campaign" are vague and ambiguous. Consumer Nsight further objects to this request as overly broad and irrelevant to the claims or defenses of any party in this lawsuit because: (1) it is not limited in scope and time; and (2) it is not limited to the calls at issue in the FAC. Subject to and without waiving its objections, Consumer Nsight does not have a written contract with Allied First or Iconic. Therefore, Consumer Nsight does not have any documents responsive to this request.

3. All communications with Allied First or any vendor of yours that hired Allied First regarding outbound calls or new customer origination.

**RESPONSE:** Consumer Nsight objects to this request as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which

7

allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this request because the terms and phrases "any vendor of yours," "any vendor of yours that hired Allied First," "outbound calls," and "new customer origination" are vague and ambiguous. Consumer Nsight further objects to this request as overly broad and irrelevant to the claims or defenses of any party in this lawsuit because: (1) it is not limited in scope and time; (2) it is not limited to the calls at issue in the FAC; and (3) it appears to seek communications regardless of whether they are in Consumer Nsight's possession, custody, or control. Consumer Nsight objects to this request to the extent it seeks communications or information which are not in Consumer Nsight's possession, custody, or control. Subject to and without waiving its objections, Consumer Nsight is not aware of any "vendor" "that hired Allied First." Therefore, Consumer Nsight does not have any documents responsive to this request to the extent it seeks communications between Consumer Nsight and any "vendor" "that hired Allied First." To the extent this request seeks communications between Consumer Nsight and Allied First regarding Allied First's retention of Consumer Nsight to provide marketing services to Allied First, see documents produced by Allied First, Bates stamped Allied First 569-686, 688-698, and 700-720.

4. All internal communications regarding Allied First or any vendor of yours that worked on the Allied First campaign.

**RESPONSE:** Consumer Nsight objects to this request as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent

8

of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this request because the terms and phrases "internal communications," "any vendor of yours," "any vendor of yours that worked on the Allied First campaign," and "the Allied First campaign" are vague and ambiguous. Subject to and without waiving its objections, Consumer Nsight does not have any documents responsive to this request.

5. Please produce all documents identifying any customers originated by Allied First or any vendor of yours that worked on the Allied First campaign that are located in Illinois.

**RESPONSE:** Consumer Nsight objects to this request as overly broad and irrelevant to the jurisdictional arguments raised by Consumer Nsight in its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum (Dkt. Nos. 34-35) because it seeks information beyond the scope of the Court's Order entered October 6, 2023, which allowed Plaintiff to take limited jurisdictional discovery from Consumer Nsight only "as to the extent of Consumer Nsight's involvement with the calls, relationship with the call center and its knowledge of whether it was doing business with an Illinois corporation." (Dkt. No. 46 at 2-3.) Consumer Nsight further objects to this request because the terms and phrases "customers," "originated by Allied First," "any vendor of yours," "any vendor of yours that worked on the Allied First campaign that are located in Illinois," and "the Allied First campaign" are vague and ambiguous. Consumer Nsight objects to this request to the extent it seeks documents or information which are not in Consumer Nsight's possession, custody, or control. Consumer Nsight further objects to this request as overly broad, not relevant to the claims or defenses of any party properly in this action or whether class certification is appropriate in this action, and as premature because no class has been certified in this action to the extent it seeks names or identifying information regarding any putative class member. Consumer Nsight further objects to this request as improper and overly broad to the extent it seeks personal,

9

private, and confidential information regarding persons other than Plaintiff, and such information is protected by the Gramm-Leach-Bliley Act and/or other state or federal privacy laws or regulations. Subject to and without waiving its objections, Consumer Nsight does not have in its possession, custody, or control any documents regarding "any customers" that were "originated by Allied First." Responding further, neither Iconic nor any other call center with which Consumer Nsight has had any business relationship is located in Illinois. Therefore, Consumer Nsight does not have any documents in its possession, custody, or control regarding "any customers originated" by "any vendor of [Consumer Nsight] . . . located in Illinois."

Dated:  January 26, 2024             As to objections only,

**CONSUMER NSIGHT LLC**

By:  /s/ Andrew D. LeMar
One of Its Attorneys

Andrew D. LeMar
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900
alemar@burkelaw.com

10

## **VERIFICATION**

I, Richard Sabatino, the undersigned, depose and state as follows:

I am the Chief Executive Officer of Consumer Nsight LLC ("Consumer Nsight"), and I am authorized to make this verification. Based upon my personal knowledge, the facts stated in Consumer Nsight's Answers and Objections to the Interrogatories propounded by Plaintiff Samuel Katz in Plaintiff's First Set of Discovery to Consumer Nsight (excluding objections, legal conclusions or matters that are of public record) are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 26th day of January, 2024.

By: _____
Richard Sabatino

## **CERTIFICATE OF SERVICE**

On January 26, 2024, the undersigned caused the foregoing Defendant Consumer Nsight LLC's Objections and Responses to Plaintiff's First Set of Discovery to be served by electronic mail on the following counsel of record:

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 24008
Hingham, MA 02043
anthony@paronichlaw.com

Carmen H. Thomas
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
carmen.thomas@nelsonmullins.com

Andrew R. Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com

Nathan E. Hoffman
Nelson Mullins Riley & Scarborough LLP
One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, Tennessee 37219
nathan.hoffman@nelsonmullins.com

/s/ Andrew D. LeMar
Andrew D. LeMar

4881-8781-1487, v. 2