**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated, | : : : | Case No.: 1:22-cv-05277 |
| Plaintiff, | : : | **Judge Robert W. Gettleman** |
| v. | : : : | **Magistrate Judge Maria Valdez** |
| ALLIED FIRST BANK, SB | : : : | |
| Defendant. | : : : | |

**DEFENDANT/THIRD-PARTY PLAINTIFF ALLIED FIRST BANK, SB'S OPPOSITION TO THIRD-PARTY DEFENDANT CONSUMER NSIGHT LLC'S MOTION TO STAY DISCOVERY AS TO CONSUMER NSIGHT PENDING RULING ON CONSUMER NSIGHT'S MOTION TO DISMISS THIRD-PARTY COMPLAINT**

Defendant/Third-Party Plaintiff Allied First, SB ("Allied First"), now known as Servbank, SB, by and through its undersigned counsel, hereby submits this Opposition to Third-Party Defendant Consumer Nsight LLC's ("Consumer Nsight") Motion to Stay Discovery as to Consumer Nsight Pending Ruling on Consumer Nsight's Motion to Dismiss Third-Party Complaint ("Motion to Stay Discovery"), and in support thereof, states as follows:

**I.     INTRODUCTION**

Plaintiff initiated this action against Allied First on September 27, 2022, alleging violations of the Telephone Consumer Protection Act ("TCPA") (ECF No. 1). As background, Allied First engaged Consumer Nsight to provide live phone call transfers to Allied First for leads of potential customers who had expressed interest in refinancing their mortgage loans and who consented to being called about the refinance options. Upon information and belief, Consumer Nsight obtained leads for individuals who were interested in potential mortgage options. Allied First did not control how the calls were made and, instead, relied on Consumer Nsight to conduct the calls in

compliance with all applicable laws, as had been agreed to. Upon information and belief, Consumer Nsight engaged a third-party call center, Iconic Results LLC ("Iconic Results"), to conduct the calls to effectuate the agreement between Allied First and Consumer Nsight. Upon information and belief, at the direction and instruction of Consumer Nsight, and based on potential customer information provided by Consumer Nsight, Iconic Results contacted Plaintiff as part of its scope of work with Consumer Nsight. To the extent Plaintiff may have valid claims, its Allied First's position that liability would lie against Iconic Results and Consumer Nsight. Indeed, Plaintiff has already settled any direct claims he had against Iconic Results and Consumer Nsight.

As such, Allied First brought a third-party claim against Consumer Nsight for breach of contract or, in the alternative, breach of implied contract, and indemnification. (ECF No. No. 79). Consumer Nsight moved to dismiss the Third-Party Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) ("Motion to Dismiss"). (ECF Nos. 95, 96). While the Motion to Dismiss is pending before this Court, Allied First served Consumer Nsight with Interrogatories, Requests for Production of Documents, and a Notice of Deposition. Consumer Nsight now seeks to stay discovery pending the resolution of its Motion to Dismiss.

Consumer Nsight's Motion to Stay Discovery must be denied for two (2) reasons. *First*, Consumer Nsight is unable to establish the requisite "good cause" to justify the stay. The stay would prejudice Allied First, would not simplify the issues in the case, and would not reduce the burden of litigation for the parties or the Court. Consumer Nsight is the entity who is responsible for the calls at issue. Even if Consumer Nsight were dismissed from this action, Allied First would still be able to seek discovery from Consumer Nsight through subpoenas. Thus, the stay would unnecessarily delay resolution of this action, which has been pending for nearly three (3) years, and stall discovery that Allied First would otherwise be entitled to from Consumer Nsight.

*Second*, this Court already ruled that discovery as to Consumer Nsight is not stayed pending resolution of the Motion to Dismiss. On January 15, 2025, the parties filed a Joint Status Report seeking to extend the January 31, 2025 discovery deadline by ninety (90) days in part to allow Allied First to take the depositions of Plaintiff, Consumer Nsight, and Iconic Results, and serve discovery upon Consumer Nsight. (ECF No. 107). Consumer Nsight noted in the Joint Status Report that "any discovery as to Consumer Nsight should be stayed pending the Court's ruling on Consumer Nsight's motion to dismiss." *Id.* On January 24, 2025, this Court (Hon. Maria Valdez) extended the discovery deadline to March 31, 2025. (ECF No. 111). This Court expressly noted that "[a]side from the pendency of Third-Party Defendant Consumer Nsight's Motion to Dismiss [95], Consumer Nsight has not shown good cause as to why its request that discovery be stayed as to it should be granted . . . The request is therefore denied." *Id.* Consumer Nsight did not seek reconsideration of this Court's Order or take any other action. Instead, Consumer Nsight waited over a month and a half, and two (2) weeks before the discovery deadline, to file the instant Motion to Stay. This Court should affirm its prior ruling that Consumer Nsight has not shown good cause to justify a stay of discovery.

Accordingly, this Court should deny Consumer Nsight's Motion to Stay.

## II.   FACTUAL BACKGROUND

Plaintiff initiated this action against Allied First on September 27, 2022, alleging violations of the TCPA. (ECF No. 1). Both Plaintiff and Allied First served subpoenas on Consumer Nsight on March 8, 2023 and April 5, 2023, respectively, and received objections and no documents in response to those subpoenas. Consumer Nsight's April 27, 2023 response to Allied First's subpoena stated that "Consumer Nsight LLC has no records in its possession, custody or control that are responsive to the subpoena in this matter." Plaintiff filed a First Amended Complaint on

3

July 1, 2023, adding Consumer Nsight as a defendant. (ECF No. 26). Allied First filed its Answer to First Amended Complaint with Affirmative Defenses on August 14, 2023. (ECF No. 33).

Allied First investigated Plaintiff's claim against Consumer Nsight to determine Consumer Nsight's potential liability as it relates to Allied First. Consumer Nsight responded to the First Amended Complaint by filing a Motion to Dismiss for Lack of Jurisdiction on August 16, 2023. (ECF No. 34). In or around the same time, the Parties' Counsel discussed potential mediation of this case.

On September 9, 2023, this Court stayed oral discovery as to Allied First and completely stayed all discovery as to Consumer Nsight. (ECF No. 43). At the same time, the parties continued to work toward potential mediation of this case. Thereafter, on October 6, 2023, this Court stayed ruling on Consumer Nsight's Motion to Dismiss and granted Plaintiff leave to take discovery limited to the issue of personal jurisdiction over Consumer Nsight. (ECF No. 46). At the same time, the parties continued to work toward potential mediation of this case. On November 6, 2023, this Court stayed discovery pending mediation between the parties. (ECF No. 47). On January 8, 2024, the parties participated in mediation. Mediation efforts were unsuccessful between Allied First and Plaintiff. Accordingly, on January 9, 2024, this Court resumed discovery. (ECF No. 52). On April 26, 2024, Plaintiff dismissed Consumer Nsight without prejudice. (ECF No. 63).

On May 23, 2024, Allied First filed a Motion for Leave to File Amended Answer to First Amended Complaint with Affirmative Defenses and Third-Party Claims, seeking to assert a third-party claim against Consumer Nsight. (ECF No. 70). This Court granted Allied First's Motion on July 15, 2024. (ECF No. 78). Allied First filed its Third-Party Complaint on August 5, 2024. (ECF No. 79). Consumer Nsight thereafter moved to dismiss the Third-Party Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) (ECF Nos. 95, 96). Allied First opposed Consumer

4

Nsight's Motion to Dismiss on December 6, 2024. (ECF No. 103). Consumer Nsight's Motion to Dismiss is currently pending before this Court.

On February 28, 2025, Allied First served Interrogatories and Requests for Production of Documents upon Consumer Nsight. That same day, Allied First also served Consumer Nsight with a Notice of Deposition for Consumer Nsight's 30(b)(6) witness set for March 28, 2025. The discovery deadline is March 31, 2025. (ECF No. 111). On March 10, 2025, Consumer Nsight filed the instant Motion to Stay Discovery. (ECF No. 112).

### III. LEGAL STANDARD

Fed. R. Civ. P. 26(c) allows this Court to limit the scope of discovery for good cause. "In determining whether good cause exists to stay discovery during the pendency of a motion to dismiss, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court." *Huang v. GeLab Cosmetics LLC*, No. 22-C-2928, 2023 WL 3226198 at *2 (N.D. Ill. May 3, 2023).

However, "[t]he mere filing of a motion to dismiss does not automatically stay discovery." *New England Carpenters Health and Welfare Fund v. Abbott Laboratories*, No. 12-C-1662, 2013 WL 690613 at *1 (N.D. Ill. Feb. 20, 2013) (citing *SK Hand Tool Corp. v. Dresser Indus.*, 852 F.2d 936, 945 (7th Cir. 1988)). In fact, "in a majority of cases the existence of a dispositive motion was not the sole reason for the stay." *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05-C-6673, 2007 WL 3256848 at *1 (N.D. Ill. Nov. 1, 2007). "[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *New England Carpenters Health and Welfare Fund,* 2013 WL 690613 at *2 (citations omitted). This Court's authority to stay discovery "must

5

be exercised so as to 'secure the just, speedy and inexpensive determination of every action.'" *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. Oct. 7, 1996). Thus, "[a]lthough stays on discovery are sometimes appropriate, this court disfavors them because they bring resolution of the dispute to a standstill." *Coss v. Playtex Prods., LLC*, No. 08-C-50222, 2009 WL 1455358 at *1 (N.D. Ill. May 21, 2009).

## IV. ARGUMENT

### A. Consumer Nsight Cannot Establish Good Cause To Justify The Stay.

Consumer Nsight's Motion to Stay must be denied because Consumer Nsight cannot establish the requisite "good cause" to justify the stay.[1] "In determining whether good cause exists to stay discovery during the pendency of a motion to dismiss, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court." *Huang*, 2023 WL 3226198 at *2.

*First*, the stay would prejudice Allied First. Consumer Nsight is responsible for the calls at issue. Discovery would allow Allied First to establish this fact and reduce, or even eliminate, its own liability. Consumer Nsight fails to acknowledge that the stay of discovery would hinder Allied First's ability to defend against Plaintiff's claims. Similarly, Consumer Nsight's discovery is likely to establish that Plaintiff's claims require individualized inquiries which would preclude class certification. If discovery were to be stayed, Allied First would be unable to meritoriously oppose

---

[1] Each of the arguments set forth in Consumer Nsight's Motion to Stay contemplate that Consumer Nsight will be successful on its Motion to Dismiss. Allied First contends that Consumer Nsight's Motion to Dismiss should be denied and reiterates the arguments set forth in its Opposition thereto.

Plaintiff's class certification motion. Thus, Consumer Nsight's Motion to Stay must be dismissed because the stay would prejudice Allied First.[2]

*Second*, the stay would not simplify the issues in this case. As mentioned, Consumer Nsight is the party responsible for the calls at issue. Allied First engaged Consumer Nsight to provide live phone call transfers to Allied First for leads of potential customers who had expressed interest in refinancing their mortgage loans and who consented to be called about the refinance options. Allied First did not control how the calls were made, how they obtained the leads for the calls and, instead, relied on Consumer Nsight to conduct the calls in compliance with all applicable laws, as had been agreed. Upon information and belief, Consumer Nsight hired Iconic Results to conduct the calls to effectuate the agreement between Allied First and Consumer Nsight. Upon information and belief, at the direction and instruction of Consumer Nsight, and based on potential customer information provided by Consumer Nsight, Iconic Results contacted Plaintiff as part of its scope of work with Consumer Nsight. Thus, to the extent Plaintiff may have valid claims, liability would lie against Iconic Results and Consumer Nsight.

Consumer Nsight's only argument to this point is that if the Motion to Dismiss were granted, it would be dismissed from the case entirely, which would "significantly narrow the legal and factual issues in this case." This is far from the truth. Consumer Nsight's conduct is the main issue in this case and discovery is necessary to establish this fact. Thus, Consumer Nsight's Motion to Stay must be dismissed because the stay would not simplify the issues in this case.

---

[2] Consumer Nsight further argues that its counsel is out of the country during the 30(b)(6) deposition of Consumer Nsight which would be prejudicial. Setting aside Consumer Nsight's misapplication of the prejudicial factor, Allied First is certainly willing to work with Consumer Nsight to secure a mutually agreeable deposition date.

*Third, and finally*, the stay would not reduce the burden of litigation for the parties or the Court. As Consumer Nsight readily acknowledges, Allied First can still subpoena Consumer Nsight even if they were not a party to this case. Allied First can require Consumer Nsight to produce documents and appear for deposition. The stay, thus, would only stall the expense and burden of litigation regardless of whether Consumer Nsight's Motion to Dismiss were successful or not. Accordingly, Consumer Nsight's Motion to Stay must be dismissed because the stay would not reduce the burden of litigation for the parties or the Court.

**B.     This Court Already Ruled That Discovery Is Not Stayed.**

Consumer Nsight's Motion to Stay must be denied because this Court already ruled that discovery is not stayed pending resolution of Consumer Nsight's Motion to Dismiss. On January 12, 2025, Consumer Nsight attempted to seek a stay of discovery while the Court considered its Motion to Dismiss. (ECF No. 107). This Court expressly ruled, however, that "[a]side from the pendency of Third-Party Defendant Consumer Nsight's Motion to Dismiss [95], Consumer Nsight has not shown good cause as to why its request that discovery be stayed as to it should be granted…The request is therefore denied." *Id.* In its Motion to Stay, Consumer Nsight notes that it did not intend for its statement in the Joint Status Report to be considered a full argument on the merits. Yet Consumer Nsight did not seek reconsideration of this Court's Order or take any other action to clarify this position with the Court. Instead, Consumer Nsight waited over a month and a half, and two (2) weeks before the discovery deadline, to file the instant Motion to Stay.

Consumer Nsight's gamesmanship cannot be rewarded. Consumer Nsight did not establish good cause for the stay on January 12, 2025, nor did Consumer Nsight establish good cause for the stay now in the instant Motion to Dismiss. This Court should reaffirm its prior ruling that discovery is not stayed pending resolution of Consumer Nsight's Motion to Dismiss.

8

### V. CONCLUSION

For the foregoing reasons, Defendant/Third-Party Plaintiff Allied First, SB ("Allied First"), now known as Servbank, SB, respectfully requests that this Court deny Third-Party Defendant Consumer Night LLC's ("Consumer Nsight") Motion to Stay Discovery as to Consumer Nsight Pending Ruling on Consumer Nsight's Motion to Dismiss Third-Party Complaint.

Dated: March 17, 2025

    Respectfully submitted,
    NELSON MULLINS RILEY & SCARBOROUGH, LLP

    By: *s/ Jeffrey Schieber*
    Jeffrey Schieber
    Nelson Mullins Riley & Scarborough, LLP
    123 N. Wacker Drive, Suite 2100
    Chicago, Illinois 60606
    Tel: (312) 376-1110
    Email: jeff.schieber@nelsonmullins.com

    Nathan E. Hoffman
    Nelson Mullins Riley & Scarborough, LLP
    One Nashville Place, Suite 1100
    150 Fourth Avenue North
    Nashville, Tennessee 37219
    Tel: (615) 664-5300
    Email: nathan.hoffman@nelsonmullins.com

    Kevin P. Polansky
    *Pro Hac Vice*
    Nelson Mullins Riley & Scarborough, LLP
    One Financial Center, Suite 3500
    Boston, Massachusetts 02111
    Tel: (617) 217-4720
    Email: kevin.polansky@nelsonmullins.com

    *Attorneys for Defendant Allied First Bank, SB*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of March 2025, a copy of the foregoing was electronically filed via CM/ECF and served on all counsel of record and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Illinois.

*s/Jeffrey Schieber*
Jeffrey Schieber

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated, | :<br>: Case No.: 1:22-cv-05277<br>: |
| Plaintiff, | : **Judge Robert W. Gettleman**<br>: **Magistrate Judge Sunil R. Harjani** |
| v. | : |
| ALLIED FIRST BANK, SB | : |
| Defendant. | : |

## **ORDER**

Upon consideration of Third-Party Defendant Consumer Night LLC's Motion to Stay Discovery as to Consumer Nsight Pending Ruling on Consumer Nsight's Motion to Dismiss Third-Party Complaint, any Allied First's Opposition thereto, the record in this case, and the applicable law, it is this _____ day of _____, 2025, by the United States District Court for the Northern District of Illinois, hereby,

**ORDERED**, that Third-Party Defendant Consumer Night LLC's Motion to Stay Discovery as to Consumer Nsight Pending Ruling on Consumer Nsight's Motion to Dismiss Third-Party Complaint is hereby **DENIED**; and it is further,

**ORDERED**, that discovery is not stayed pending resolution of Third-Party Defendant Consumer Night's Motion to Dismiss Third-Party Complaint.

_____
Hon. Robert W. Gettleman
U.S. District Court for the Northern District of Illinois

cc: All counsel of record.