**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated | ) ) ) |
| Plaintiff, | ) Case No. 1:22-cv-05277 |
| | ) |
| v. | ) ) |
| | ) |
| ALLIED FIRST BANK, SB | ) ) |
| Defendants. | ) ) |
| | ) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order (ECF No. 124), Plaintiff Samuel Katz, Defendant Allied First Bank, SB (Allied First), now known as Servbank, SB submit the following Joint Status Report on discovery.

On May 23, 2024, Allied First moved to join Iconic Results as a party and to amend its answer to assert cross claims against Third-Party Defendant Consumer Nsight LLC ("Consumer Nsight"). (ECF Nos. 69, 70). Plaintiff responded to the motion to join Iconic Results on June 14, 2024, and Allied First replied in support of its motion to join Iconic Results on June 27, 2024. (ECF Nos. 72, 73, 74). On July 15, 2024, this Court (Hon. Robert W. Gettleman) denied Allied First's motion to join Iconic Results and granted Allied First's motion to amend its answer to assert cross claims against Consumer Nsight. (ECF No. 78).

On August 5, 2024, Allied First filed its Amended Answer to Plaintiff's First Amended Complaint and asserted a third-party claim against Consumer Nsight. (ECF No. 79). This Court issued Summons upon Consumer Nsight on August 28, 2024. Allied First purportedly served Consumer Nsight with the Summons on September 9, 2024. Per agreement between counsel, Consumer Nsight's responsive pleading was due October 25, 2024. On October 25, 2024,

Consumer Nsight moved to dismiss Allied First's claims. (ECF Nos. 95, 96.) On December 6, 2024, Allied First filed its Opposition to Consumer Nsight's Motion to Dismiss. (ECF No. 103). On December 20, 2024, Consumer Nsight filed its Reply Brief in further support of its Motion to Dismiss. (ECF No. 104). On May 27, 2025, this Court granted Consumer Nsight's Motion to Dismiss and dismissed the Third-Party Complaint without prejudice. (ECF No. 125).

On October 30, 2024, Plaintiff and Allied First jointly moved to extend the discovery completion deadline by ninety (90) days to January 31, 2025 on the basis that the parties need additional time to complete discovery. (ECF No. 98). That same day, this Court moved the discovery deadline to January 31, 2025. (ECF No. 99). On January 15, 2025, the parties submitted a Joint Status Report outlining the need for additional discovery and requesting that this Court extend the discovery deadline. (ECF No. 107). On January 24, 2025, this Court extended the discovery deadline to March 31, 2025. (ECF No. 111).

Plaintiff deposed Allied First and Allied First deposed Plaintiff on March 27, 2025. Allied First also served its Supplemental Responses to Plaintiff's Second Set of Discovery. Allied First also subpoenaed fact witness Craig Mattson for deposition which occurred on May 7, 2025. Allied First also noticed Iconic Results' deposition. Iconic Results objected to the deposition and the parties are completing the meet and confer process to resolve any discovery disputes and are hopeful that process will be completed by June 6, 2025.

On May 15, 2025, Plaintiff subpoenaed AM Communications Lab, Inc. Allied First objected to the subpoena on the basis that fact discovery closed on March 31, 2025. The Plaintiff issued that subpoena because they learned of AM Communications Lab, Inc. during the deposition of Mr. Mattson and Allied First had never previously disclosed their existence. Indeed, Allied First supplemented their production with information regarding Mr. Mattson's use of AM

Communications following the deposition. As a result, the Plaintiff asked Allied First to produce the information sought from AM Communications Lab, Inc. because the Plaintiff believes it is within the Fed. R. Civ. P. 34(a) control of Allied First. Allied First claimed that it was not in their control and as a result, the Plaintiff provided notice of an intent to issue the subpoena. The parties are completing the meet and confer process to resolve any discovery disputes and are hopeful that process will also be completed by June 6, 2025. At that time, the Plaintiff may file a motion for leave to issue the single subpoena to AM Communications Lab, Inc., which the Plaintiff has withdrawn while the parties complete the meet and confer.

/s/ Anthony I. Paronich
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
Email: anthony@paronichlaw.com
*Attorneys for Plaintiff Samuel Katz*

By: s/ Jeffrey Schieber
Jeffrey Schieber
Nelson Mullins Riley & Scarborough, LLP
123 N. Wacker Drive, Suite 2100
Chicago, Illinois 60606
Tel: (312) 376-1110
Email: jeff.schieber@nelsonmullins.com

Nathan E. Hoffman
Nelson Mullins Riley & Scarborough, LLP
One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, Tennessee 37219
Tel: (615) 664-5300
Email: nathan.hoffman@nelsonmullins.com

P.O. Box 641040
Chicago, Illinois 60664
Tel: (312) 205-7950

Kevin P. Polansky
*Pro Hac Vice*
Nelson Mullins Riley & Scarborough, LLP
One Financial Center, Suite 3500
Boston, Massachusetts 02111
Tel: (617) 217-4720
Email: kevin.polansky@nelsonmullins.com

*Attorneys for Defendant Allied First Bank, SB*