IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>ALLIED FIRST BANK, SB<br>et al.<br><br>                    Defendants. | Case No. 1:22-cv-05277<br><br>**JURY TRIAL DEMANDED** |

## MOTION TO EXTEND DISCOVERY FOR THE PURPOSE OF ISSUING SUBPOENA

Comes now the Plaintiff, Samuel Katz, and files this motion to extend the instant discovery deadlines in this matter for the purpose of issuing a single subpoena. In support thereof, Plaintiff states as follows:

As this Court is aware, this case involves telemarketing conduct committed on behalf of the Defendant, Allied First Bank, SB. The calls were physically placed by former vendors of Allied First Bank and the call centers they used. On May 7, 2025, owing to scheduling conflicts, the parties conducted the deposition of Craig Mattson, a former Allied First employee, as noted in the parties' April 29 status report (ECF No. 123).

During that deposition, which was noticed prior to, but conducted after, the close of the discovery period in this case, and for the first time in the parties' discovery, Mr. Mattson revealed that Allied First also used another call center vendor named Diamond Select Lead Group, which was a company he owned. Diamond Select also made calls as part of an exclusive relationship where Diamond Select exclusively generated leads for Allied First for years. It was also revealed that Diamond Select used the telephone provider XenCall d/b/a ReadyMode to place the calls for Allied First.

The very existence of Diamond Select's involvement in the classwide calling conduct alleged in the class action compliant, which involves such vendors as Mr. Mattson's lead company and was also responsible for generating Mr. Katz's lead, was not therefore evident until after the close of the March 31 discovery period and until Mr. Mattson's May 7 deposition. Indeed, Mr. Mattson's deposition revealed the existence of a multi-year telemarketing relationship between Diamond Select and Allied First previously not revealed in discovery. Implicitly conceding that Allied First and their employees' relationship with Diamond Select was relevant to this Action and the putative class Plaintiff seeks to certify, Allied First supplemented its discovery responses and produced documents in its possession showing that it paid invoices to Diamond Select for call leads, using criteria Allied First drafted and approved, and subject to the direction of Allied First's employee, Craig Matson. This supplemental production, which was designated as confidential, but which the Plaintiff can provide the Court upon request, consists of Diamond Select invoices and scopes of work, and was produced only on May 14. This new evidence further demonstrates Diamond Select's conduct in making calls for Alleid First.

  The Plaintiff therefore brings this motion to extend the discovery deadlines in this matter to permit the issuance of a *singular subpoena* for telephone records to XenCall d/b/a ReadyMode for records of calls Diamond Select placed as part of its exclusive relationship with Allied First. Counsel for XenCall has indicated that it is in a position to timely provide the telephone records that the Plaintiff's subpoena would request. Plaintiff therefore requests modification of the scheduling order in this matter, pursuant to Rule 16(b)(4), as Plaintiff respectfully submits that he has shown good cause to amend the order to permit the issuance of the instant subpoena. Notably, the Plaintiff has already issued the subpoena to XenCall on May 15, but was objected to because it was issued *after* the close of discovery. The Plaintiff was under the impression that the

Defendant would not object to such a subpoena since they never identified the vendor associated with the calling campaign. The parties are at an impasse after conducting a meet and confer on the issue on June 2. Telephonically attending for the Plaintiff was Anthony Paronich and Kevin Polansky attended for the Defendant.

It is readily apparent that Rule 16(b)(4)'s "good cause" standard is satisfied here. In the Seventh Circuit, the district court's primary inquiry is the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Good cause is demonstrated by a party showing that, despite their diligence, the scheduling deadlines could not have reasonably been met, and the moving party provides a good reason for the delay. Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2nd ed. 1990). Courts in the Seventh Circuit routinely grant leave to amend pleadings and scheduling orders based on new information uncovered in discovery. *Direct Enters., Inc. v. Sensient Colors LLC*, No. 115CV01333JMSTAB, 2017 WL 2985623, at *3 (S.D. Ind. July 13, 2017); *Ewalt v. Collection Pros., Inc.*, No. 419CV04023SLDJEH, 2019 WL 5727578, at *1 (C.D. Ill. Nov. 5, 2019).

The disclosure of new evidence after the deadline for amendments can constitute "good cause" for seeking leave to amend after the deadline in the scheduling order. *See, e.g.*, *CMFG Life Ins. Co. v. RBS Secs. Inc.*, No. 12-cv-037-wmc, 2013 WL 4483068, at *16 (W.D. Wis. Aug. 19, 2013) (allowing supplemental allegations that summarized evidence disclosed in discovery); *Armitage v Apex Control Sys., Inc.*, Cause No. 2:08-cv-45-WTL-WGH, 2010 WL 4318846, at *1-*2 (S.D. Ind. Oct. 26, 2010) (finding good cause where plaintiff discovered basis for his new claims through discovery). To the extent the late discovery responses disclosed a factual basis for newly asserted claims, and that basis was not previously known and could not have been known to Plaintiffs, this would weigh in favor of finding good cause needed to satisfy Rule 16(b)(4).

Here, the Plaintiff uncovered, for the first time, the involvement of yet another party who was also placing calls covered by the Plaintiff's putative class definition, Diamond Select, at Mr. Mattson's May 7 deposition. Moreover, Defendant only provided its supplemental production on May 14. The following day, the Plaintiff sent out the subpoena, partly owing to the fact that the discovery period as to Iconic was still ongoing, as well as because of the emergent nature of Diamond Select's involvement.

And, providing that good cause exists, the Court must then apply the discretionary factors to determine if granting the amendment would be appropriate. *Mulvania v. Sheriff of Rock Is. Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017). The factors to be considered include whether the amendment would result in undue delay, is based on a repeated failure to cure deficiencies, unduly prejudice the nonmoving party, or be futile. Here, the Plaintiff has demonstrated that he has acted with all promptitude and without any form of undue delay, particularly as the Plaintiff is timely seeking judicial intervention on the issue after unsuccessful efforts to attempt to resolve the issue of the instant subpoena informally. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

Moreover, Allied First would be little prejudiced from the amendment and permission to issue a single subpoena: Diamond Select's conduct is clearly covered by the Plaintiff's original class definition, and the subpoena would simply uncover records of calls for which the Plaintiff intends to argue at class certification that Defendant is already liable under the same theory as in the Plaintiff's Complaint. The Plaintiff is not seeking to add new claims, only to uncover additional evidence about claims he has already pled. Indeed, Allied First has implicitly conceded to the relevance of its records referencing the Diamond Select relationship as it has supplemented its discovery to produce those same records. Nor would additional evidence be

used to assert new claims or causes of action as against Allied First rendering amendment futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 520 (7th Cir. 2015) (holding amendment is "futile" when the amendment would result in asserting additional claims that could not survive a motion to dismiss). As no claims would be added or removed, but the Plaintiff simply pleading and seeking to certify a larger class for the same conduct based on more records at class certification based on the same conduct at issue, albeit through different vendors, the discovery would not require amendment and thus not be futile, either, and would not necessitate the filing of an amended complaint or the conduction of more discovery.

Nor would permitting amendment to allow for service of the single subpoena affect the dates for trial or class certification; the Plaintiff is prepared to move forward as soon as the supplemental calling records are produced. Plaintiff is not simply trying to shoehorn in additional discovery period based on the existence of "new" evidence that should already have been known to the parties; as both parties acknowledge, Diamond Select's involvement was only made known at Mr. Mattson's deposition and not before. As such, the discretionary factors likewise justify amendment, and for the foregoing reasons, the Court should amend the scheduling order to permit the issuance of the subpoena attached herein as Exhibit A.

Date: June 24, 2025

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

        */s/ Anthony Paronich*
        Anthony Paronich
        Email: anthony@paronichlaw.com
        PARONICH LAW, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        Telephone: (617) 485-0018
        Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

## MEET AND CONFERRAL CERTIFICATION

We certify that we conducted the requisite Local Rule meet and confer on the issue on June 2. Telephonically attending for the Plaintiff was Anthony Paronich and Kevin Polansky attended for the Defendant. The parties are at an impasse.

Dated: June 24, 2025

        */s/ Andrew Roman Perrong*
        Andrew Roman Perrong, Esq.
        *Perrong Law LLC*
        2657 Mount Carmel Avenue
        Glenside, Pennsylvania 19038
        Phone: 215-225-5529 (CALL-LAW)
        Facsimile: 888-329-0305
        a@perronglaw.com

        */s/ Anthony Paronich*
        Anthony Paronich
        Email: anthony@paronichlaw.com
        PARONICH LAW, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        Telephone: (617) 485-0018
        Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

We certify that we filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: June 24, 2025

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100
*Attorneys for Plaintiff and the Proposed Class*